GEBHARD ET AL. V. SATTLER ET AL.

1. **Equity**: FRAUDULENT DEED. Equity will not interfere to correct a mistake in a deed executed without consideration and for a fraudulent purpose.

2. **Conveyance**: DEED OF TRUST: NOTICE. A conveyance by a trustee of land sold upon a notice of ten days, where the deed of trust required a notice of twenty days, was *held* to be absolutely void.

3. **Statute of Limitations**: ADVERSE POSSESSION: DEED OF TRUST. Adverse possession under a sale pursuant to a deed of trust, although the sale was made without sufficient notice, is based upon color of title, and is entitled to the protection of the statute of limitations.

4. ——: WHEN A SALE IS VOID: FRAUD. Section 2530 of the Code will not suspend the operation of the statute of limitations until the discovery of the fraud, in the case of a sale absolutely void, since a deed thereunder would be no defense to recovery in an action at law.

5. **Fraud**: NOTICE. That property was sold under a deed of trust without the required notice does not constitute fraud; and the recording of the deed in which the conditions of the sale appeared was notice to the parties of its invalidity.

6. **Trust**: STATUTE OF LIMITATIONS. The statute of limitations will run in favor of the trustee in possession of real estate under a constructive or resulting trust, from the time when he claims the trust property as his own.

*Appeal from Des Moines District Court.*

MONDAY, DECEMBER 21.

THE petition of plaintiffs represents that they are the heirs at law of one John Gebhard, who died seized of lot 943 D in the city of Burlington. That after the decease of their ancestor, the real estate mentioned was sold by defendant Spiegel upon a deed of trust, executed by John Gebhard, to secure a promissory note made by him to defendant Sattler for the sum of $1000. The note and deed of trust bore date February 22, 1859. Gebhard died July 30, 1861, and the petition alleges that, "with indecent haste," within one month thereafter, the trustee sold the property, upon ten day's notice, to defendant, Sattler. The deed of trust, by its express terms, required a notice of twenty days to be given of the time and place of the sale. At the time of the sale there was an executor of Gebhard's estate. Sattler went into possession of the property immediately after the sale, which was August 28, 1861. The sale is alleged to be fraudulent because made upon a notice other than was provided for in the deed of trust.

Three of the plaintiffs, Philomina Koestner, Elizabeth Barnickle, and Louisa Orth, attained their majority more than one year prior to the commencement of this action; the other two were at that time minors. It is alleged in the petition that plaintiffs had no knowledge of the frauds charged until within five years prior to the commencement of this action.

The answer admits the sale by the trustee upon a notice of ten days, and that Sattler purchased the land and went into possession at the time charged. Other allegations of the petition are denied; the statute of limitations is pleaded as a defense in the answer. It is also averred that plaintiffs' ancestor conveyed all his interest in the property to Joseph Gebhard, that, by a mistake in the deed the property was

described as lot 943 A. By a cross petition defendant Sattler asks to have his title to the property quieted.

Upon a trial on the merits, the District Court found the equities for plaintiffs, and declared the title of the property to be vested in them subject to the debt secured by the deed of trust, after deducting rents and profits therefrom, less taxes, insurance, repairs, etc. The defendants appeal.

*Halls & Baldwin*, for appellants.

*Newman & Blake*, for appellees.

BECK, J.—I. It is first insisted by the appellants that John Gebhard did not die seized of the real estate in controversy, and it does not, therefore, descend to his heirs; they cannot, therefore, maintain this action.

The deed from John to Joseph Gebhardt failed to describe the lot in question, and for that reason does not convey due legal title. But it is said the misdescription resulted through mistake, and equity will reform the deed so as to make it conform to the intention of the parties. The answer to this position is found in the fact that the deed from John to Joseph was without consideration, and made with the fraudulent intention on the part of both to hinder, delay and defeat the creditors of John. The deed is fraudulent, and equity will not aid parties to carry out a fraudulent design. While equity will not interfere to set aside such a deed, between the parties or their heirs, it is also true that it will not lend its aid to enable parties to consummate their dishonest purposes. It will not permit the pure stream of justice to be diverted from its course to water and invigorate the noxious growth of dishonesty and fraud. Equity will not rectify or in any manner recognize a voluntary instrument which does not complete the transfer of property. *Holland v. Hensley*, 4 Iowa, 222; May's Voluntary and Fraudulent Alienations, 370. As equity abhors fraud, there are still stronger reasons why it should not interfere to correct a deed executed without consideration and for a fraudulent purpose.

II. The deed of trust required a notice of twenty days

1. EQUITY: fraudulent deed.

prior to the sale, which was provided for by its terms in case

**2. CONVEY-ANCE: deed of trust: notice.** of non-payment of the debt secured. The conveyance by the trustee to Sattler, shows that the sale was made upon ten days' notice. The failure to comply with the express terms upon which the power of sale was conferred defeats the title based thereon, rendering it absolutely void, and no action at law or in chancery can be maintained by the purchaser to recover the property. *Baldridge v. Walton*, 1 Mo., 520; *Gibson v. Jones*, 5 Leigh, 370; *Jackson v. Clark*, 7 Johns., 217, 226; *Bunce v. Rudd*, 16 Barb., 350; *Underwood v. Irving*, 3 Cowen, 59.

III.   Sattler went into the possession of the property under his purchase, claiming title and right to the lot under the

**3. STATUTE OF LIMITATIONS: adverse possession: notice.** trustees' deed. His possession was, therefore, based upon color of title, and the evidence clearly shows that it was adverse to the claim of plaintiffs. This possession had continued for more than ten years prior to the day three of the plaintiffs attained their majority. The right of action is therefore barred by the statute of limitation. As to the other plaintiffs, Hannah and Mary Gebhard, being at the commencement of the action minors, the statute has not cut off their remedy.

IV.   But the plaintiffs insist that the relief sought by them is based on the ground of fraud, which was not discovered

**4. ——: ——: when a sale is void: fraud.** until less than five years before the commencement of the action, and that the statute does not, therefore, run against them. The statute provides that actions "for relief on the grounds of fraud in cases heretofore solely cognizable in a court of chancery" are barred in five years. Code, § 2529, p. 4; and that "in actions for relief on the ground of fraud * * * * the cause of action shall not be deemed to have accrued until the fraud * * * * complained of shall have been discovered by the party aggrieved." Code, § 2530.

To the position of counsel based upon these provisions there are two ready answers. 1. The second provision is applicable to actions contemplated in the first, which are such as are prosecuted "for relief on the grounds of fraud *in cases*

heretofore solely cognizable in a court of chancery." It is not applicable to all actions for relief against fraud, but to actions in such cases as were before solely cognizable in chancery. The word "case" here means a contested question in a court of justice. Bouvier's Dic. It does not refer to the action, or the form thereof, or the character it may assume on account of the forum in which it is prosecuted, but to the questions and rights involved. Now, to bring this action within the operation of section 2530, the case, the questions and rights involved, must have been "heretofore solely cognizable in a court of chancery." But this condition does not exist in this cause. As we have seen, the sale was absolutely void, and defendants claiming under it could not maintain an action to recover the property. Of course the sale and deed executed thereon amount to no sufficient defense to the recovery of the property in an action at law by plaintiffs. Plaintiffs' case, their rights and the questions involved therein, are and were not solely cognizable in a court of chancery. The provision found in section 2530 is not applicable to this action, and the fact that the alleged fraud, the failure of the trustee to comply with the conditions of the trust deed, was not discovered, does not arrest the operation of the limitation.

2. It cannot be claimed that plaintiffs did not have notice of the fraud complained of, which consisted mainly, if not entirely, in the failure of the trustee to give the required 5. FRAUD: no- notice. The haste of the trustee in selling after tice. the death of John Gebhard, and the alleged insufficiency of the price realized, cannot be regarded as fraudulent. The deed of trust authorized the sale at the time, if sufficient notice had been given, and it is not shown that the sale was not conducted openly and fairly, or that a larger sum could have been realized for the property at the sale. The failure to give the required notice appears in the deed, which was duly recorded November 9, 1861. The record of the deed was notice to the world of its contents; plaintiffs cannot claim that they were ignorant thereof. Certainly by the exercise of ordinary diligence in applying to the record for information —the very record intended by the law to give notice of the

fact of sale,—the plaintiffs could have ascertained the invalidity of the deed and the alleged fraud. The plaintiffs must be regarded as having had timely and actual notice of the fraud complained of. Angell on Limitations, § 187.

V. Plaintiffs' counsel insist that defendant Sattler holds the property as a trustee under an express trust, and the statute will not run in his favor until the *cestui que trust* has actual knowledge that the property is held adversely to this trust. But the fact here assumed cannot be admitted. Where a trust is created by equity, or for the purpose of a remedy, and is thus cast upon a party without his assent, it is a resulting or constructive, and not an express, trust, which is only created by the assent of the trustee, whose appointment and other matters must appear by the act creating the trust and are only proved by an instrument in writing. Perry on Trusts, §§ 24, 25, 79.

*6. TRUST: statute of limitation.*

If it be admitted that Sattler, having acquired the property in a manner that failed to confer the title upon him, holds it in trust for plaintiffs, it cannot be claimed that he is a trustee of an express trust. His character and liability as a trustee results, not from any act of his own, or of the plaintiffs, but from the application of doctrines of equity which regard him as standing in that relation in order to give plaintiffs a remedy.

The statute of limitation will run in favor of a trustee of a resulting or constructive trust from the time he disavows the obligation of the trust and sets up a claim in his own right to the trust property. *Peters v. Jones*, 35 Iowa, 512; *Elmendorf v. Taylor*, 10 Wheat., 153; *Boone v. Chiles*, 10 Pet., 177.

VI. We conclude that, as to the heirs who have attained their majority, this action is barred by the statute; as to the infant heirs, it is not, and they are entitled to recover their interest in the property—being the undivided two-fifths. They are also entitled to recover the same portion of the rents and profits, less taxes, insurance and repairs. But the lot must be held subject to the indebtedness secured by the deed of trust, and the infant plaintiffs' interest will be charged with two-fifths thereof. The whole amount of the rents and profits,

diminished by the taxes, insurance, etc., as found by the court below, we believe to be correct. The finding upon that subject will not be disturbed.

VII. The widow of John Gebhard is not made a party. Her dower interest must be determined under the Revision, and is a life estate in one-third of the property. It has never been admeasured. If it be not barred by the statute, Rev., § 2428, it is no impediment to the settlement of the rights of the parties to the suit.

VII. A decree will be entered in this court dismissing the petition as to Philomina Koestner, Elizabeth Barnicle, and Louisa Orth; it will declare the title to two-fifths of the lot in controversy to be vested in the other plaintiffs, Hannah and Mary Gebhard, and that their interest shall be subject to the lien of the trust deed for the amount of four hundred and eighty dollars, with interest from January 31, 1874, being two-fifths of the amount found due them after deducting rents and profits, less taxes, insurance, etc., paid by defendant Sattler.

MODIFIED AND AFFIRMED.