## E. A. PERRY v. LYDIA SMITH.

1. ACTION *for Money; No Bar.* In an action for money had and received, where it appears that the money was not received more than three years before the action was commenced, *held*, that the statute of limitations has not barred the action, although it may appear that the wrong enabling the defendant to receive the money was committed more than three years before the action was commenced.

2. AGENCY; *When Statute Begins to Run.* And in such a case, where it appears that the defendant at the time of receiving the money, and prior thereto, was acting as the agent of the plaintiff, and that the money was received in connection with such agency, *held*, that the statute of limitations does not commence to run in favor of the defendant and against the plaintiff until the plaintiff has knowledge of the wrong committed by the defendant.

3. PRINCIPAL AND AGENT; *Statute Begins to Run, When.* And *held*, generally, that the statute of limitations does not commence to run in favor

of an agent and against his principal until the principal has knowledge of some wrong committed by the agent inconsistent with the principal's right.

*Error from Crawford District Court.*

AT the January Term, 1883, plaintiff *Smith* recovered a judgment against defendant *Perry*, who brings it here for review. The opinion states the nature of the action, and the facts.

*John T. Voss*, for plaintiff in error.

*D. B. Vansyckel*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On February 12, 1878, and prior thereto, W. L. Taylor, who then resided in the town of Cherokee, in Crawford county, Kansas, was the equitable owner of forty acres of land near that town, and was the absolute owner of one-half of a town lot, with a little house thereon, situated in the town. The legal title to the land was in the Missouri River, Fort Scott & Gulf railroad company, but Taylor had a contract for the purchase thereof. The legal title to the half-lot was in Taylor. Taylor at that time was in feeble health, and, expecting soon to die, assigned the said contract for the purchase of said forty acres of land to his daughter Lydia, and conveyed by deed the said half-lot in Cherokee to his daughter Josephine. The two daughters did not reside in Kansas, and in fact have never resided in Kansas, and have never even been in Kansas. Hence when Taylor executed said assignment and said deed, he handed the same to E. A. Perry, who was then present, with the request that Perry should deliver the same to his daughters, which Perry agreed to do and afterward did. Taylor also asked Perry to look after all his property, and see that his daughters got the same after his death. On March 14, 1878, Taylor died intestate, and Perry was appointed his administrator. Afterward Perry entered into correspondence with the daughters —Lydia then residing at Chicago, Illinois, and Josephine at

Stewartsville, Indiana. Perry became the agent of the two daughters for the management and sale of their property. Afterward Perry sold the property, and out of such sales have originated two law suits against him — one instituted by Lydia, who was then married, and whose name was then Lydia Smith; and the other by Josephine, who was also married, and whose name was Josephine Wade. Both of these suits were commenced on May 26, 1882, before a justice of the peace in Crawford county, Kansas, where Perry resides, and after judgment they were both appealed to the district court, in which court a trial was had in each case before the court and a jury, which trial resulted in a judgment in each case in favor of the plaintiff and against the defendant, Perry; and Perry, as plaintiff in error, now brings each case to this court for review.

We shall now proceed to consider the case of E. A. Perry, plaintiff in error, *v.* Lydia Smith, defendant in error.

The case, as it was originally brought by Mrs. Smith, was an action for money had and received; and while the defendant, Perry, claimed that he fully accounted for and paid over to Mrs. Smith all the money which he ever received belonging to her, yet we think his principal defense, and the one which he principally relied on, was and is the statute of limitations; and in order that the grounds for this defense may be fully understood, we shall state some additional facts: The defendant Perry effected the sale of the said forty acres of land on March 5, 1879. He claims that he sold the same for $50, and for only $50. There was some evidence introduced, however, showing that the defendant admitted that he had sold the property for $100; and there was also some evidence introduced tending to show that he received two lots in the town of Cherokee, in part payment on such sale. These lots were conveyed to the defendant on October 10, 1879. There was also some evidence introduced tending to show that these lots were taken by the defendant at the price of $32; and there was still other evidence introduced, tending

to show that they were taken at the price of $100, and that they were worth that amount; and that afterward, and on October 31, 1881, they were sold and conveyed by the defendant to the Kansas City, Fort Scott & Gulf railroad company for that amount. The said $50, admitted to have been received by the defendant as purchase-money, was received by him about March 5, 1880, and was transmitted by him to and received by the plaintiff about that time. This was one year after the sale was made. It does not appear that anything was ever received by the defendant on the sale of the plaintiff's property, prior to October 10, 1879, when the deed for said lots was received by the defendant; and it does not appear that any portion of the money received by the defendant in consideration of the sale of the plaintiff's property was received earlier than about March 5, 1880, when said $50 was received. It does not appear that Mrs. Smith had the least ground to suspect, or that she did suspect, that Perry had done anything wrong with regard to her business, or her money, or her property, until sometime in March, 1880; and even then she had only very slight grounds for any suspicion; and she did not have anything more than a very vague suspicion until about the time when she commenced this action. The defendant even yet denies the facts upon which the plaintiff bases her suspicions or her cause of action, claiming that they are not true; and she made no demand of the defendant for anything additional over and above the said $50 which she had already received, until about the time when she commenced this action. This action was commenced, as before stated, on May 26, 1882.

Under these facts we do not think that any statute of limitations has barred the plaintiff's action. It was not three years from the time when the defendant received the conveyance for said two lots to himself until the plaintiff commenced this action. It was not three years from the time when he received the plaintiff's money on said land until she commenced this action; and it was not even one

year after the plaintiff had knowledge of the defendant's wrongs until she commenced this action; and she commenced this action immediately after making the demand on the defendant for settlement and payment. It must also be remembered that the defendant received the plaintiff's money and property as her agent; and generally the statute of limitations does not commence to run in favor of an agent and against his principal until the principal has knowledge of some wrong committed by the agent inconsistent with the principal's rights. (*Green v. Williams*, 21 Kas. 64, 71, 72, and cases there cited; *Auld v. Butcher*, 22 id. 400, 404, and cases there cited; *Kane v. Cook*, 8 Cal. 449; Angell on Limitations, § 179, *et seq.*; 7 Wait's Actions and Defenses, 238.)

We hardly think it is necessary to discuss any of the other questions suggested by counsel in this case. Many of the alleged errors were really not errors; some of them which were possibly errors were not material, and others were not properly saved.

Taking the whole case together, we think no material error was committed, and substantial justice was done.

The judgment as finally rendered by the court below was in favor of the plaintiff and against the defendant, for the recovery of $50 and costs, and this judgment will be affirmed.

All the Justices concurring.