Laird v. Kilbourne et al.

LAIRD v. KILBOURNE ET AL.

1. **Evidence**: SECONDARY: RECORD OF DEED. A copy of a recorded deed, certified by the recorder, is admissible in evidence on behalf of the persons claiming under it, where it is shown that, after due search, the original could not be found.

2. ——: RECORD OF DEED: DATE OF FILING. The date when a deed is filed for record must be indorsed thereon when it is filed, and the indorsement becomes a part of the instrument to be recorded, and in a proper case the date of filing may be proved by the record of such indorsement, or a certified copy thereof.

3. **Statute of Limitations**: FRAUDULENT CONVEYANCE: CONSTRUCTIVE NOTICE OF. An action to set aside a fraudulent conveyance of real estate is barred in five years after the fraud is discovered, and it is conclusively presumed to be discovered when the fraudulent conveyance is filed for record.

4. ——: ACTION BARRED AS TO ANCESTOR BARRED AS TO HEIRS. Where an action to set aside a fraudulent deed is barred, when begun, as to a resident of the state, his death does not revive it as to his heirs and devisees, who are non-residents.

| 70 | 83 |
|----|-----|
| 90 | 482 |
| 70 | 83 |
| 92 | 428 |

| 70 | 83 |
|----|-----|
| 93 | 41 |
| J93 | 43 |
| 70 | 83 |
| 96 | 618 |
| 99 | 294 |

| 70 | 83 |
|----|-----|
| 107 | 318 |
| 70 | 83 |
| 108 | 254 |

| 70 | 83 |
|----|-----|
| 119 | 12 |
| d119 | 101 |

| 70 | 83 |
|----|-----|
| 136 | 537 |

*Appeal from Lee District Court.*

THURSDAY, OCTOBER 28.

ACTION in chancery, in the nature of a creditors' bill, to subject certain real estate to a judgment in favor of plaintiff. The petition of plaintiff was dismissed, and a decree upon a cross-petition entered, quieting the title of the real estate in defendants. Plaintiff appeals.

*Anderson & Davis,* for appellant.

*Craig, Collier & Craig* and *H. Scott Howell & Son,* for appellees.

BECK, J.—I. The facts alleged in a substituted petition, upon which the case was tried, are as follows: In 1858, Edward Kilbourne became indebted to plaintiff's father in a large sum, upon a promissory note, which was transferred to plaintiff. On the sixth of February, 1873, plaintiff recovered judgment on the note for $11,084.44, and in March of the same year $6,400 was paid on the judgment, the balance thereof remaining unpaid. December 11, 1871, Kilbourne conveyed the property in controversy to his wife, Caroline, with intent on the part of both to hinder and defraud his creditors. At that time, and continuously thereafter, Kilbourne was insolvent. He died January 10, 1876, leaving surviving him his wife and certain children, who are made defendants in the action. After the commencement of this action, which was on the seventeenth of October, 1882, Caroline died. She devised the property to her children, who are defendants to the action. The defendants in their answer deny the averment of the petition, and plead that the action is barred by the statute of limitations; more than five years having elapsed after the cause of action accrued, and before the suit was brought.

II. This case may be briefly disposed of upon the consideration of the defense of the bar of the statute of limitations. The deed of Kilbourne to his wife was executed December 11, 1871, and was filed for record Feburary 5, 1872. Counsel for plaintiff contend that the record of the case fails to show the date of the filing of the deed. Their position is not correct.

III. A copy of the deed, certified by the recorder of deeds, was introduced in evidence, upon proof made by attorneys of defendants that they had been unable to find the original. Plaintiff objected to the introduction of the copy, as " being immaterial, irrelevant and incompetent, and hearsay." If we regard the general objection as sufficient to raise the question involving the admissibility of the certified copy, we think it was not well taken. It was shown that application was made to the persons who ought to have had the deed, and search was made among papers with which it probably would have been found, without success. Upon this proof, we think, it was rightly admitted as secondary evidence.

1. EVIDENCE: secondary: record of deed.

IV. It is next insisted that the copy does not show the date of the filing of the deed for record. This is a mistake as to the facts. The certified copy shows an entry upon its margin of the date of filing. It is the uniform practice to make the entry of filing upon the record in this manner. It is a part of the record of the instrument. An indorsement of the time of filing must be made upon the instrument, and becomes a part thereof, and, as such, must be recorded. The uniform custom, in Lee county at least, is to enter the statement of the filing upon the margin of the record of the instrument. The record of the filing may as well be made upon the margin—an appropriate place for it—as either preceding or following the instrument. The recorder, in certifying to the copy, authenticated the whole record appearing therein,—the record of the filing as well as the record of the deed.

2. ———: record of deed: date of filing.

V. The filing of the deed gave notice to the world of the rights of the grantee conferred by the deed. Code, § 1944. Code, § 2529, provides that "actions for relief upon the ground of fraud, in cases heretofore solely cognizable in a court of chancery," may be brought within five years "after their causes of action accrue." In such cases, the causes of action do not accrue "until the fraud shall have been discovered by the party aggrieved." Section 2530. The fraud will be discovered when the fraudulent act is revealed,—made known to the party aggrieved. Notice or knowledge of the act is a discovery of the fraud. The act which is the very foundation of the fraud alleged in this case—indeed, which itself constitutes the fraud complained of—was the deed of Kilbourne to his wife. Plaintiff is chargeable with notice of this act by the record of the deed. *Gebhard v. Sattler*, 40 Iowa, 152; *Bishop v. Knowles*, 53 Id., 268. See, also, *Gardner v. Cole*, 21 Id., 205.

*3. STATUTE of limitations: fraudulent conveyance: constructive notice of.*

The law presumes that plaintiff had notice of the deed to the wife from the day it was filed for record. This deed is the very foundation—the heart—of the fraud alleged as the cause of plaintiff's action. The law, therefore, holds that plaintiff discovered the fraud when she had notice of the deed.

VI. Counsel insist that the statute of limitations did not commence to run until the date of plaintiff's judgment,— February 6, 1873,—and that the action, therefore, was not barred when Kilbourne died,— February 3, 1876. For our present purpose, let these facts be assumed. They further assert that since Kilbourne's death all of the defendants have been non-residents of the state; therefore the statute of limitations ceased to run at that date. But the record fails to show the fact upon which this position is based. It is shown that Kilbourne resided in Keokuk up to the time of his death. It is not claimed that Mrs. Kilbourne did not reside with him; it will

*4. ——: action barred as to ancestor barred as to heirs.*

be presumed that she did. She died after the suit was commenced. If she was a resident of the state, the cause of action was then fully barred. Her death would not revive the action, as against her heirs or devisees, in case they were non-residents of the state. If it was barred as to her at the time it was commenced, it could not, after her death, be prosecuted as to them. The only evidence as to the change of residence of Mrs. Kilbourne was given by one witness, who testifies that her residence was in New York city when she died. We cannot, upon this evidence, presume that she lived out of the state from the date of the death of Mr. Kilbourne. On the contrary, the fact that the action, which is *in personam*, was brought in this state will support the presumption that she lived here at the date of its commencement.

In our opinion, plaintiff's action is barred by the statute of limitations. It is not necessary to discuss other questions argued by counsel, as our conclusion upon this point is decisive of the case.

AFFIRMED.