## GEORGE D. HILLEBRANT v. H. S. GREEN, Appellant.

**Principal and Agent.** Where there is no formal termination of an agency, evidence that, after an alleged termination, defendant dealt with plaintiff as agent and that defendant had no interest in the land sold for plaintiff other than profit in selling, will sustain a finding that an agency existed, though plaintiff wrote before the sale that he would allow no commissions.

**Duty to Follow Erroneous Instructions.** Where it is erroneously charged that a letter refusing commission on a land sale to be made terminates an agency to sell the land unless the letter was obtained by misrepresentation, and there is no evidence of misrepresentation, it is, ordinarily, the duty of the jury to find for an alleged agent who is sued for the difference between price received and remitted.

**SAME.** But where there is a correct but inconsistent instruction, which, as shown by special findings, is followed by the jury, a verdict against the agent will, nevertheless, be sustained.

*Appeal from Crawford District Court.*—HON. C. D.
GOLDSMITH, Judge.

FRIDAY, FEBRUARY 1, 1895.

Action at law to recover a part of the purchase
price of real estate alleged to have been wrongfully
retained by the defendant. There was a trial by jury,
and a verdict and judgment for the plaintiff. The
defendant appeals.—*Affirmed.*

*W. R. Green* and *Cummins & Wright* for appel-
lant.

*T. J. Garrison* and *J. P. Conner* for appellee.

Robinson, J.—In the year 1890, prior to the ninth
day of December, the plaintiff was the owner of a tract
of land in the town of Arion, in Crawford county, which
contained about twenty acres. He was then a resident
of California. The defendant, Green, was engaged in
the banking and real estate business in Dow City, under
the name of Exchange Bank. N. R. Wilder was
cashier of the bank. In September or October of the
year specified, the plaintiff visited the defendant at
Dow City, and made some arrangements with him in
regard to the tract described and other real estate. On
the tenth day of November, 1890, the cashier of the
defendant wrote to the plaintiff, in California, as fol-
lows: "We can sell the twenty acres of yours near
Arion for $1,500 cash; that is what is left after railroad
and stock yards title is out. Do you want to accept
it? There is not twenty acres after the railroad and
stock yards are out; so this makes nearly $100 per acre.
Please answer at once, so we may nail parties before
they get out of the notion, if you choose to accept." On

the seventeenth day of the same month the plaintiff answered the letter as follows:  "As to the disposal of the whole at $1,500 cash, will state that I will sell all that portion lying above the C., M. & St. P. Ry. unsold, and not now owned by said railway.  *    *    *    I will sell for cash,    *    *    *    figure offered; and, moreover, I must have the $1,500 in full, the purchaser to pay all commissions and costs of sale, deeds, abstracts, etc.  Should the intending purchaser comply with my request, let me know immediately. Remember I will not pay any commissions and sell at that figure."   On the ninth day of December the land was sold to one Goff, for the benefit of a company then in the process of organization, for the sum of two thousand dollars.   After some delay, one thousand five hundred dollars and interest were remitted to the plaintiff, as the purchase price.  A short time after that was received, he learned the price for which the land had been sold, and demanded of the defendant the amount in excess of that remitted, after deducting therefrom a commission for making the sale; but the demand was refused.   This action is brought to recover the full amount of the excess, with interest, and judgment for the amount claimed was recovered in the District Court.

The plaintiff claims that the defendant was his agent when the letter of November tenth was written, and also when the sale was made; that it was his duty to report the amount of the offer, but that he failed to do so; that he is liable for the amount received; and that, because of alleged fraudulent conduct, he is not entitled to any compensation for making the sale.   The defendant denies that he was the agent of plaintiff, or under any obligations to report the amount for which the land sold.

I.    The jury were authorized by the evidence to find that the defendant was the agent for the sale of the land in question.   He had been authorized to sell it for the sum of two thousand dollars, and, in case he effected a sale for that or less, he was to have as commission five per cent. of the amount received.   It is claimed, however, that the agency was terminated by the letter of November seventeenth.   The District Court charged the jury in regard to the alleged termination as follows:   "(4) If you find that on November 10, 1890, there was an agreement or understanding that the defendant had a right to sell the land in controversy, and that defendants should receive a compensation for their services, you are instructed that this agency might be revoked at any time.   And if the plaintiff afterward wrote the defendants that they might sell the land for $1,500 net to him, that he would pay no commission on the sale, and that the commissions and all other expenses must be paid by the purchaser, then the agency, if there was one, was terminated on the receipt of this letter by defendants; provided no false representations were made to plaintiff, and no fact concealed to obtain such letter.   In other words, the defendants, if they were the agents of the plaintiff, ceased to be such on the receipt of the letter of the date of November 17, 1890, from plaintiff, unless such letter was written in consequence of false representations made by defendants, or unless they fraudulently concealed the actual price they were receiving for the land.   (5)   The question of whether any false representations were made by defendants, upon which the plaintiff relied in writing the letter of date November 17, 1890, will depend upon whether the letter written by Wilder on November tenth expressed the true state of facts with reference to the offers received for plaintiff's land.   If the fact was that the

defendants had up to that time received no greater
offer than fifteen hundred dollars, and knew of no one
who would pay more than that sum for the tract in
question, then it cannot be said that this letter con-
tained any false representations." The appellant con-
tends that the evidence shows without any material
conflict that he had not received an offer of more than
one thousand five hundred dollars, when the letter of
November tenth was written, and we are inclined to
think that is true. It is not claimed that an offer or
inquiry for the land had been made excepting for the
proposed company, for which the purchase was finally
effected. The men who acted for that company in the
negotiations which led to the purchase were produced
as witnesses, but none of them testified to having made
an offer of more than one thousand five hundred dol-
lars at or before the time the letter of November tenth
was written. Both the defendant and his cashier deny
that more than that amount was offered prior to that
time. The only testimony which can be claimed to
show that this is not true is that given by a witness
named Garrison, who had a conversation with the
defendant in August, after the sale, as follows: "Mr.
Green said to me, at the time this offer of $2,000 was
made by Mr. Richards or Mr. Goff,—I don't remember
which,—that they were very anxious in regard to it, and
wanted him to send a telegram notifying Mr. Hille-
brant that he had sold it to them; and Mr. Green said
to me that he was no chump. He didn't send any such
telegram. 'I wrote a letter, and made an offer of
$1,500, and he accepted it.'" This statement, if true,
would tend to sustain the claim that the offer of two
thousand dollars for the property was made when the
letter of November tenth was written. The defendant
denies having made the statement, but, if made, it is
shown clearly to have been untrue, and therefore can

have no effect in determining the transaction. We are of the opinion that, if the paragraphs of the charge cited are to control, the verdict should have been for the defendant.

II. We conclude, however, that the paragraphs quoted are not controlling. The plaintiff, in an amendment to his petition, alleges that the defendant was the agent for the sale of the land at the time it was sold. There was evidence from which we think the jury might have found that such was the case. It is certain that there was no formal termination of the agency. The purchasers dealt with the defendant as the agent of the plaintiff, and had sufficient reason to believe that he represented the plaintiff in the transaction. The defendant had no other interest in the land than the profit he might realize from its sale. In his letter to the plaintiff he concealed the fact that he had received more than one thousand five hundred dollars for the land, and sought to convey the impression that a sale at that price was a good one. In a letter written December 3, 1890, before the sale had been closed, he wrote to the plaintiff as follows: "You have made a fine deal out of this in two ways. One is, if the town ever amounts to anything (which I don't think it will), you can sell your land for a big price, and if it don't amount to anything, you have made a noble sale. Of course, the more they boom it, the better for you, as you have hundreds of acres adjoining." This was hardly candid in view of all the facts, and seems to have been designed to convince the plaintiff that one thousand five hundred dollars was a good price for the land, when it was not, as shown by the sale, actually made. We do not say a finding that the defendant was not the agent of the plaintiff when that was made would have been contrary to the evidence, but only that the evidence was

sufficient to sustain a finding that the agency continued to exist.

The court charged the jury as follows: "(6) But after such letter was written, if you find that defendants were the agents of plaintiff in the transaction, they received an offer of a greater sum, then they in good faith were bound to inform plaintiff of such fact. On the other hand, if they were not his agents, then they were under no such obligation." The District Court seems to have instructed the jury according to two different theories of the case. The first instruction involved a termination of the agency when the letter of November seventeenth was received by the defendant. According to that as given in the fourth and fifth paragraphs of the charge, the verdict should have been for the defendant. The second theory involved a continuance of the agency after the letter last mentioned was received, and until the sale was effected. We are of the opinion that the fourth paragraph of the charge, as applied to the facts in this case, was not correct. It is proper to say this, although the paragraph is not presented for review by an appeal of the plaintiff. It is said it gave the law of the case, and should have been followed. But both that and the sixth paragraphs of the charge could not have been followed, and, as applied to the facts disclosed by the evidence, they are inconsistent. Ordinarily, that would have been sufficient ground for a new trial. But the jury found specially that, at the time of the sale, the defendant was acting as the agent of the plaintiff. That shows that the sixth paragraph of the charge was applicable to the facts in the case, and that paragraph is undoubtedly correct. In other words, it is

shown affirmatively that the general verdict is supported by the evidence, and that it was required by the correct portion of the charge.

As the jury could not have followed the charge in full, we are asked, in effect, to reverse the judgment of the District Court, because the jury did not ignore the instruction which was correct, and follow that which was erroneous. This we cannot do. In a legal sense, the appellant was not prejudiced by the failure of the jury to follow the incorrect instruction as long as they followed the other. This is unlike a case where the charge is consistent with itself in all its parts, although erroneous, and the jury fail to follow it. Our attention has not been called to any authority which is precisely in point, but the cases of *Newell v. Martin*, 81 Iowa, 239, 46 N. W. Rep. 1120, and *Phelps v. Walker*, 84 Iowa, 121, 50 N. W. Rep. 560, involved somewhat similar principles. See, also, *Cobb v. Railroad Co.*, 38 Iowa, 618.

We conclude that there was no error prejudicial to the defendant, and the judgment of the District Court is *affirmed*.