ANDREW M. MATHER, Appellant, v. ALEXANDER M. ROGERS.

**Statute of Limitations:** FRAUDULENT CONCEALMENT: *Diligence.* The bar of the five years' statute of limitations against an action by a former ward to recover from his former guardian an amount of pension money received by the latter for which he failed to account upon a settlement with the ward, can not be avoided upon the ground of a fraudulent concealment of the facts constituting the cause of the action, where such facts were learned eleven years after the settlement, by an inquiry at the pension ·office, suggested by the fact that other guardians had been found short in their accounts for pension money,—in the absence of any facts to excuse an inquiry within five years after said settlement, the proper time.

*Appeal from Makaska District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, OCTOBER 17, 1896.

ACTION at law to recover a balance of money alleged to be due by reason of a mistake in a settlement made between the parties. There was a demurrer to the petition, which was sustained, and the action was dismissed. Plaintiff appeals.—*Affirmed.*

*Byron W. Preston* for appellant.

*Geo. W. Seevers* and *John O. Malcolm* for appellee.

ROTHROCK, C. J.—It appears from the averments of the petition that the plaintiff is the son of Andrew W. Mather, who was a soldier in the war of the rebellion, and who died while in the military service. The plaintiff was about three years old at the time of his father's death, and, under the laws of the United

States, he was entitled to certain bounty money, and to a pension until he became sixteen years of age. The defendant was appointed as guardian of the plaintiff, and acted as such until February 13, 1878, when plaintiff became sixteen years of age. The defendant settled his accounts as guardian upon a report to the court that he had received, as such guardian, the aggregate sum of one thousand five hundred and seven dollars and ten cents, and an order was made discharging him as guardian. The plaintiff and the defendant settled the matter of guardianship upon the same basis as the settlement made in court. It is averred in the petition that the defendant received one hundred and fifty-four dollars more money than he reported to the court, and judgment is demanded against him for that amount, with interest. This action was commenced on the twentieth day of September, 1894, more than eleven years after the alleged settlement, and it is conceded that it was barred in five years after the settlement, unless there are facts properly pleaded which arrested the operation of the statute of limitations.

The facts relied upon by the plaintiff, and set forth in the petition, to avoid the limitation, are, in substance, that the defendant was required to render a truthful account of the amount of money received by him, and that the plaintiff trusted his guardian and believed his representations, and had no reason to believe that he was deceiving plaintiff as to the amount of money received. And there is the further general statement that defendant fraudulently concealed from plaintiff the true amount received by him, and fraudulently kept from plaintiff the pension drafts and other papers showing the amount received, and by said fraudulent concealment and representations prevented plaintiff from obtaining knowledge of the facts, and the true amount received; that plaintiff

was put upon inquiry about two years before the suit
was brought, because he heard that some other guard-
ians were short in their accounts for pension money,
and then for the first time it occurred to him that it
would be well to inquire of the pension office, and
ascertain the aggregate amount of money received
therefrom by defendant; and that, "by ordinary dili-
gence, he could not sooner discover it; and that by
no means in his power could he have sooner discov-
ered it."

The above is a fair statement of the substance of
the petition, omitting repetition and unimportant
averments. The demurrer was upon the ground that
the petition shows upon its face that the action is
barred by the statute of limitations. It was held in
the case of *District Township of Boomer v. French*, 40
Iowa, 601, "that where the party against whom a cause
of action existed in favor of another, by fraud or actual
fraudulent concealment, prevented such other from
obtaining knowledge thereof, the statute would only
commence to run from the time the right of action
was discovered, or might, by the use of diligence, have
been discovered." This rule has since been followed
in a number of other cases. See *Carrier v. Railway
Co.*, 79 Iowa, 80 (44 N. W. Rep. 203), and cases there
cited. Proper diligence must be exercised to discover
the alleged fraud. *Humphreys v. Mattoon*, 43 Iowa,
556; *Brunson v. Ballou*, 70 Iowa, 34 (29 N. W. Rep.
794); *Laird v. Kilbourne*, 70 Iowa, 83 (30 N. W. Rep.
9). Applying that rule to the facts of this case, it is
very plain that the demurrer was properly sustained.
The allegations of the petition are in general terms,
to the effect the defendant was guilty of fraud by con-
cealment. There are no facts set forth in the petition
from which it can be said that the plaintiff could not
at any time within five years after the settlement,
have obtained from the pension office a correct

statement of the money paid to the defendant. No sufficient reason appears why this was not done within the proper time. The judgment of the district court is AFFIRMED.