MARY FAUST, Appellee, v. A. W. HOSFORD, Appellant.

Action for Money Fraudulently Obtained: PRINCIPAL AND AGENT: LIMITATIONS. Where the relation of principal and agent exists
1    and a fraud is perpetrated by the agent, the statute of limitations will not commence to run against an action for the fraud until the fraud is discovered, or until such time as the same, by the exercise of reasonable diligence, may be discovered.

Same: SILENCE OF AGENT: CONTINUATION OF FRAUD: BURDEN OF
2    PROOF. Where an actul fraud is committed upon the principal, silence on the part of the agent amounts to a continuation and concealment of the original fraud, and the burden is on the agent to show the principal's knowledge of the fraud.

Failure to Discover Fraud: DILIGENCE: CONCEALMENT: · JURY
3    QUESTION. Ordinarily, the question of whether the plaintiff's failure to discover the fraud is the result of a failure to use due diligence, or that the agent concealed the wrong, is for the jury.

Reliance on Agent's Statements. Where there is actual fraud, the
4    principal may rely on the statements of the agent until something transpires to put a reasonably prudent person on inquiry.

Instructions: CONSTRUED TOGETHER. Where the court's instruc-
5    tions, construed together, announce correct principles, the verdict will not be disturbed, though taken singly they may be erroneous.

Same: · WHEN ERRONEOUS: An instruction which authorizes a re-
6    covery and ignores the main defense in the action, is erroneous.

Evidence: ADMISSIBILITY. Rulings of court on the competency of
7    expert and other evidence on the question of value considered and the exclusion of same held error.

VOL. 119 IOWA.—7.

| 119 | 97 |
| 128 | 393 |
| 119 | 97 |
| f131 | 31 |
| 119 | 97 |
| 134 | 567 |
| 119 | 97 |
| '137 | 283 |
| 119 | 97 |
| 141 | 348 |
| 141 | 349 |
| f141 | 350 |

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

THURSDAY, JANUARY 22, 1903.

ACTION at law to recover a sum of money said to have
been obtained from plaintiff by defendant, as her agent,
through fraud and deceit.    Trial to a jury, verdict and
judgment for plaintiff, and defendant appeals.—*Reversed.*

*Longueville & Kintzinger* for appellant.

*Henderson, Hurd, Lenehan & Kiesel* for appellee.

DEEMER, J.—Defendant obtained from plaintiff the
sum of $700; she says, as her agent, for the purpose of in-
vesting it in first mortgage securities.    After obtaining
the money, defendant brought plaintiff a note of one
Hassett, secured by mortgage on his (Hassett's) home-
stead.    This was in fact a second mortgage on the prop-
erty, although plaintiff claims that defendant represented
it was a first one when he delivered the same to her, and
stated that she (plaintiff) "could depend upon him."
Defendant obtained the money in the year 1892, but there
is evidence tending to show that plaintiff did not discover
that the mortgage given was a second one until the year
1899, when she offered the same back to defendant, and
demanded the return of her money.    This action was com-
menced April 10, 1900.    That defendant knew the mort-
gage he gave plaintiff was a second one is undisputed; but
he claims, among other things, that plaintiff's action is
barred by the statute of limitations, and that the court
erred in denying his motion for a directed verdict on this
ground, and in refusing to give certain instructions to the
effect that the action was barred.    The trial court instructed
that: "Where a party by a fraudulent representation in-

duces another to rely upon something as true, which in
fact is not true, and upon the falsity of such representa-
tion alone would there be a cause of action in favor of the
person so relying on such false representation than the per-
riod of five years within which an action must be brought,—
would not commence to run until after the false representa-
tion is found to be false, or might with reasonable diligence
have been found to be false." It further instructed that, if
Hosford was acting as plaintiff's agent, she had the right
to rely on his representations as to the character of the
security, and that she was not required to examine the
public records or to take any action until she had reason to
believe, from knowledge or information coming to her,
that her instructions had been disobeyed.

I. The gist of plaintiff's action is fraud committed
upon her by her agent, and in such cases the statute does
not begin to run until actual discovery of the fraud, or
until such time as, in the exercise of ordinary

*1. FRAUD: prin-
cipal and
agent: limi-
tations.*
care and diligence, the fraud might have been
discovered. On account of the fiduciary rela-
tions existing between defendant and plaintiff, and the
alleged fraud, this action was heretofore solely cognizable
in a court of equity; hence the statute above referred to
applies, and there was no error in the rulings so far com-
plained of. *Blakeney v. Wyland*, 115 Iowa, 607. Aside
from this, the action is not barred, because of defendant's
fraudulent concealment of the facts. *Boomer Dist. Tp.
v. French*, 40 Iowa, 601; *Wilder v. Secor*, 72 Iowa, 161.
In such a case the statute begins to run from the time the
cause of action is discovered, or might by the use of reas-
onable diligence have been discovered. The relation of
principal and agent is one of trust and confidence,—as
much so as that of guardian and ward; and when defend-
ant not only affirmatively misrepresented the character of
the security, but made statements calculated to throw
plaintiff off her guard, and to cause her to abstain from

making inquiries, he was guilty of such fraudulent con-
cealment as will save the case from the statute until, as
we have said, plaintiff became aware of the fraud, or by
the use of ordinary care and diligence should have discov-
ered it.   *Blakeney v. Wyland, supra.*

Where persons stand with reference to each other as
principal and agent, and the agent commits an actual
fraud upon the principal, mere silence upon his part

2. SAME: si-
lence of
agent: con-
tinuance of
fraud: bur-
den of proof.

amounts to a fraudulent concealment, within
the rule above stated.   In other words, his
silence is regarded as a continuation of the
original fraud, and a concealment of the
cause of action.   *Bailey v. Glover*, 21 Wall, 342 (22 L.
Ed. 636); *Lumber Co. v. Reynolds*, 121 Cal. 74 (53 Pac.
Rep. 410); *Perry v. Smith*, 31 Kan. 423 (2 Pac. Rep. 784);
*Bank v. Harris*, 118 Mass. 147; *King v. MacKellar* 109 N.
Y. 215 (16 N. E. Rep. 201).   And in such cases the burden
is on the defendant to show plaintiff's knowledge of the
fraud.   *Harlin v. Stevenson*, 30 Iowa, 371.

Whether or not plaintiff's failure to discover her cause
of action was due to failure on her part to use due dili-
gence, or to the fact that defendant so concealed the

3. Failure to
discover
fraud: dili-
gence: con-
cealment:
jury question.

wrong as that plaintiff was unable to discover
it by the exercise of due diligence, is ordinarily
a question of fact for the jury.   *Rosenthal v.
Walker*, 111 U. S.185 (4 Sup. Ct. Rep. 382, 28
L. Ed. 395).   Had the action been between strangers, the
instructions we have quoted would undoubtedly have been
erroneous; but, because of the relations existing between
the parties to this litigation, it was undoubtedly correct.   In
*In re Humphreys v. Mattoon*, 43 Iowa, 556, there was no
active fraud, but merely fraudulent concealment of a cause
of action, and the action was not grounded on fraud; hence
the case does not apply.

But it is said that, as the first mortgage upon the
property was recorded, plaintiff was bound to take notice

thereof, and that she had the means thereby of acquiring full knowledge of the fraud, and, had she exercised the least degree of care, she would have done so; and *Mather v. Rogers*, 99 Iowa, 292; *Heath v. Elliott*, 83 Iowa, 357; *Allen v. Railway Co.*, 90 Iowa, 473; *Laird v. Kilbourne*, 70 Iowa, 86,—and other like cases are relied upon. The *Laird Case* is clearly not in point, because no fiduciary relations existed between the parties, and the same may be said of *Allen's Case*. In the *Mather* and *Heath Case* there was no active fraud, but fraudulent concealment alone was relied upon. Nothing was done in either case to throw plaintiff off his guard. Here, as we have seen, defendant's active fraud is deemed a continuing one; and plaintiff was not required, as a matter of law, to go to the

4. RELIANCE on public records to discover his deceit. She had
   agent's state-
   ments.         the right to rely on the statements of her
trusted agent, and, until something arose which would put a reasonably prudent person on his guard, plaintiff was not negligent in failing to resort to the records. In other words, plaintiff was justified by reason of defendant's relation to her, in relying on his statements, which, as we have seen, are regarded as continuing, until by the use of reasonable care and diligence she should have discovered his misrepresentations. Plaintiff was not then required to go to the public records to discover the fraud, but had the right to rely on defendant's statements until something occurred which would put a reasonably prudent person on inquiry to discover the facts. *Bradford v. McCormick*, 71 Iowa, 131. See, also, *Vigus v. O'Bannon*, 118 Ill. 334 (8 N. E. Rep. 779). Statements found in some of our cases seem inconsistent and irreconcilable, but, when construed with reference to the particular facts involved, there is no conflict, except, perhaps, in the language used by way of argument. It must constantly be borne in mind that in this case the relation of principal and agent existed between the parties, and that, in so far as the point now

under consideration is concerned, there was actual fraud and misrepresentation by the defendant. With these facts in mind, the rules we have announced will be found not to conflict with any of our previous decisions. *Thayer v. Trust Co*, 41 C. C. A. 106, 100 Fed. Rep. 901, relied upon by appellant, is distinguishable on these grounds, as also is *Nave v. Price* 21 Ky. L. 1538 (55 S. W. Rep. 882).

II. Next it is contended that the verdict is contrary to the thirteenth instruction, which reads as follows: "(13) If a person of ordinary care and prudence in the management of his property could have, by the exercise of such diligence as a man of ordinary care would exercise, found out and ascertained that there was a prior mortgage on the premises in question, by inquiry, or examination of the mortgage records of this county, more than five years before this action was commenced, then the plaintiff cannot recover. If by the exercise of such diligence it could not have been found out more than five years before the action was commenced, then it would not be barred by the statute of limitations." Had this instruction stood alone, there would have been no doubt of the correctness of appellant's contention, but it was followed by these: "(14) In determining whether the plaintiff was or was not negligent (that is, did not exercise due diligence to discover the existence of a prior mortgage), you should consider the relations existing between the parties,—whether the defendant made any statements or representations to plaintiff as to the mortgage being a first mortgage while he was acting as her agent,—and, together with all the other facts and circumstances before you, say whether she was or was not diligent in discovering the existence of the first mortgage on the premises in question at the time she did discover it." "(18) If you find from the evidence that the defendant, Hosford, was acting for the plaintiff in making the loan for her, you are instructed that she was justified in relying upon his representations as to the

character of the security he was to obtain for her, and in accepting the security furnished by him as in everything corresponding to her instructions. You are further instructed that she was not required to examine the records to discover whether or not the mortgage obtained for her was a first mortgage, or to take any action until she had reason to believe, from knowledge or information coming to her, that her instructions had been violated."

An elementary rule of law is that instructions should be construed together, and if, when so construed, they announce correct principles, a verdict based thereon will not be disturbed, although, considered singly, they might be held erroneous. *Munger v. City of Waterloo*, 83 Iowa, 559. Taken together, we think the instructions are not erroneous, and that defendant was not entitled to a verdict on the evidence because of the rule announced in the thirteenth instruction. In view of the conclusion reached, it is perhaps well to say that the apparent conflict in these instructions should be avoided upon a retrial. That the eighteenth is deemed correct will appear from what we have already said. But for instruction sixteen, to which we shall presently refer, we might say that the verdict was based on this instruction; and, even if the thirteenth is in conflict therewith and erroneous, we would not be required to set it aside on this ground. *Newell v. Martin*, 81 Iowa, 241; *Hillebrand v. Green*, 93 Iowa, 661.

5. INSTRUCTIONS: construed together.

III. Instruction sixteen asked by the plaintiff, and given by the court, reads as follows: "(16) You are instructed that if you find from the evidence that the defendant undertook to act for plaintiff in loaning her money upon mortgage security, and you further find that she directed him that the mortgage should be a first mortgage upon real estate security, and that defendant, in violation of such instructions, loaned her money on real estate upon which there was a prior mortgage for $700,

the plaintiff would be entitled to recover the money so loaned by him contrary to her instructions." This instruction was manifestly erroneous, and, taken in connection with No. 18, which we have already quoted, was unquestionably misleading and prejudicial. It entirely eliminates the main defense relied upon by defendant, and permitted the jury to find a verdict for plaintiff without reference to the question of the statute of limitations. That the instruction is erroneous, see *Meyer v. Button Co.* 112 Iowa, 51; *Quinn v. Railway Co.*, 107 Iowa, 710.

IV. A witness for plaintiff testified as to the value of the lot on which the mortgage was given, based on its being seventy by seventy-five feet in size. On cross examination he was asked its value had it been seventy by one hundred and twenty-five or one hundred and fifty feet. Objection to the question was sustained. It should have been overruled. The witness was an expert, and the question was proper for testing the value of his opinion. Moreover, there was some evidence tending to show that the lot was seventy by one hundred and twenty-five feet. Defendant offered to prove the cost of the improvements placed upon the property, as tending to show its value. The parties made this an issue, and we think the evidence should have been admitted. He also proposed to prove *bona fide* offers to the owner of certain sums for the property, or a part thereof. This, also, should have been admitted on the question of value. We are not to be understood as assenting to the doctrine that the value of the lot on which the mortgage was given was properly made an issue. On that point we express no opinion. Our pronouncement is made on the proposition that the parties treated it as material, and tried the case on that theory. Other points will not arise upon a retrial, and we do not consider them.

6. SAME; when erroneous.

For the errors pointed out, the judgment is REVERSED.