## ROUSE *versus* SOUTHARD.

In an action against a part owner of a vessel for repairs made from time to time, a portion of which was more than six years prior to the commencement of the suit, evidence that when that part of the account was presented to the defendant for payment, he denied any ownership in the vessel, is not a fraudulent concealment of the cause of action, so as to prevent the operation of the limitation bar.

Rouse *v.* Southard.

THIS was an action of ASSUMPSIT, on account annexed, tried on the general issue, and brief statement of the statute of limitations, before TENNEY, J.

The writ was dated September 2, 1853. The account commenced in July, 1844, and ended in April, 1850, and was for repairs on Schooner Resolution. There were no credits, and the work and materials were furnished on six months prices.

One witness stated that the items in the account prior to October 6, 1847, were presented to defendant and he denied any partnership in the schooner, but referred the witness to one Toothaker.

Evidence was introduced of the several items charged being furnished for the schooner, and that defendant was part owner.

The jury returned a verdict for nearly the entire account with interest, one half of which was claimed to have been barred by the statute.

The case was presented on motion to set the verdict aside.

*E. Abbott,* with whom was *Ingalls,* in support of the motion.

*Gilbert, contra.*

SHEPLEY, C. J. — This suit was commenced to recover compensation for materials furnished to repair the schooner Resolution. The general issue was pleaded with a brief statement, that the statute of limitations would be relied upon. The account appears to have commenced in July, 1844, and to have been closed in April, 1850. The writ bears date on Sept. 2, 1853. The testimony presented to the jury has been reported to sustain a motion to have the verdict set aside as one unauthorized by it. The amount of the account claimed with interest was $44,61. A verdict was found for the plaintiff for $43,47. The jury must have allowed the plaintiff to recover for several items of his account, which had become payable more than six years before the commencement of his suit. The testimony does

not exhibit any mutual accounts existing between the parties; or any payments or any new promise made by the defendant.

It is insisted, that the verdict may be sustained on the ground, that there was a fraudulent concealment.  The only testimony relied upon in proof of it, is that a witness presented that part of the account, which had accrued before October 6, 1847, to defendant for payment and " he denied any partnership in the schooner, but referred witness to Samuel Toothaker," with testimony to prove, that the defendent was then a part owner.

The ownership of the vessel was a fact open to the investigation of all interested, and capable of proof without resorting to any admission of the defendant.  A denial, that he was a part owner of the vessel, does not amount to a fraudulent concealment of the cause of action.

There being no testimony, upon which such a verdict could be properly found, the conclusion must be, that it was rendered through misapprehension, or by reason of some improper influence.

*Verdict set aside and new trial granted :* —

Unless the plaintiff releases sufficient to reduce the verdict to the amount, which may be due for items of charge, payable within six years before the commencement of his suit, with interest on them after six months from the time of charge.