Hughes, *Plaintiff in Error*, v. Littrell.

**Fraudulent Conveyances**: STATUTE OF LIMITATIONS. As to a creditor who seeks to impeach a deed made by his debtor conveying real estate to a third person in fraud of his creditors, the statute of limitations begins to run from the time the fraudulent deed is recorded, or from the time the creditor has actual notice of the conveyance, whichever first occurs *Rogers v. Brown*, 61 Mo. 187.

*Error to Johnson Circuit Court.*

Affirmed.

*John J. Cockrell* for plaintiff in error.

In an action attacking a fraudulent conveyance of land, section 3219, Revised Statutes 1879, applies. *Hunter v. Hunter*, 50 Mo. 445; *Rogers v. Brown*, 61 Mo. 190; *Bobb v. Woodward*, 50 Mo. 103. The statute of limitations in favor of a fraudulent grantee only commences to run from date of possession under fraudulent grant. *Walker v. Bacon*, 32 Mo. 144; *Bobb v. Woodward*, 50 Mo. 95. These cases are not overruled by *Rogers v. Brown*. Possession under this statute must be adverse and hostile to the real

---

\*Decided March 25th, 1881, but not furnished the reporter for publication.

owner. *Hamilton v. Boggess*, 63 Mo. 233; *Lynde v. Williams*, 68 Mo. 360; *Norfleet v. Hutchins*, 68 Mo. 597. We claim under the husband and seek to subject his title to our judgment. The petition shows issue of the marriage. Then, as long as the husband lived he had a life tenancy in the land as against his wife, whether the conveyance to her was a fraud or not. *Dyer v. Brannock*, 66 Mo. 422. Hence her possession could not be adverse to him or those claiming under him till after his death, and as the only statute which applies to this action is section 3219, Revised Statutes 1879, plaintiffs' action cannot be barred until defendants have shown ten years' actual adverse possession.

O. *L. Houts* for defendant in error, cited *Gillespie v. Stone*, 70 Mo. 505; *Rogers v. Brown*, 61 Mo. 187.

NORTON, J.—In this case the petition of plaintiff states in substance, that Robert Littrell became indebted to plaintiff in 1857 by his promissory note, in the sum of $333.10; that said Littrell died insolvent in 1873, that plaintiff presented said note for allowance against his estate, and there was allowed him thereon the sum of $764.58; that said Littrell, on the 23rd day of April, 1866, for the purpose of defrauding his creditors, caused a deed to be made conveying certain real estate described in the petition to his wife Matilda and one of the defendants in this suit, which was duly recorded in 1866 in the office of the recorder of deeds for Johnson county; that said Littrell, on the 1st day of June, 1866, for the purpose of defrauding his creditors, caused another deed to be executed conveying to his said wife Matilda certain other lands described in the petition, which said deed was duly recorded on the 9th day of February, 1867. The prayer of the petition is, that said Matilda be declared to hold said real estate in trust for plaintiff, and that a decree be entered ordering it to be sold and the proceeds applied to the payment of said debt. Defendant demurred to the petition on the ground

that it showed upon its face that the suit was not brought within ten years after plaintiff's cause of action occurred, and that his action was, therefore, barred by the statute of limitations. The court sustained the demurrer and entered judgment for defendant, and it is this action of the court which plaintiff, who brings the case before us on writ of error, assigns as error.

The case of *Rogers v. Brown*, 61 Mo. 187, is decisive of the point presented; it having been held in that case that as to a creditor who seeks to impeach a deed made by his debtor conveying real estate to a third person in fraud of his creditors, the statute of limitations begins to run from the time the alleged fraudulent deed was recorded or from the time the creditor had actual notice of the conveyance, whichever first occurred. It was also held that the case of *Hunter v. Hunter*, 50 Mo. 445, to which plaintiff's counsel has cited us, has no application to such a case as the above. It appears from the petition that one of the alleged fraudulent deeds was recorded in 1866, and the other in February, 1867, and that the suit of plaintiff was not commenced till January 18th, 1878. The action of the court in sustaining the demurrer was, therefore, proper and the judgment is hereby affirmed, in which all concur.