KATE LEWIS, *nee Hoagland*, v. WESLEY H. DUNCAN.

No. 12,955.   (71 Pac. 577.)

SYLLABUS BY THE COURT.

FRAUD—*Limitation of Action.*   One seeking to toll the statute of limitations by reason of a fraudulent concealment of the facts out of which his right of action springs must exercise reasonable diligence to discover the facts, and the statute will commence to run after the lapse of a reasonable time.   A delay of twenty years without explanation is unreasonable.

Error from Douglas district court; SAMUEL A. RIGGS, judge.   Opinion filed February 7, 1903.   Affirmed.

*R. C. Manley*, and *W. F. Schoch*, for plaintiff in error.

*W. W. Nevison*, and *John Q. A. Norton*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.:   This was an action against a surety on a guardian's bond given in 1868 by the principal as guardian of plaintiff.   She became of age in 1878.   The breach of the bond was alleged to be the maladministration of the guardian in permitting certain real estate belonging to the plaintiff to be lost to her by allowing it to go to tax sale in 1871 and tax deed in 1875.   This action was brought in 1900.   To avoid the statute of limitations, which would have barred plaintiff's action after the expiration of one year from the time she became of age, she alleged that certain facts were fraudulently concealed and misrepresented by the guardian in this, that he never informed her that he was her guardian, or that she

had any property; that he did inform her that she was a helpless and penniless orphan. She further alleges that she did not discover the fact that he had been appointed guardian, or that she had once been the owner of real estate, which had been lost to her by the neglect of her guardian to pay taxes thereon, until within two years prior to the bringing of the action, to wit, September 1, 1899. It does not appear from the petition that she made any effort whatever to ascertain the facts of the case, or that she was in any way prevented from looking into the public records to ascertain the facts, or that they, if looked into, would not fully disclose the facts of which she became cognizant September 1, 1899. It will be noted that the action was not brought until twenty-two years after she had arrived at her majority. The alleged concealment and misrepresentations were all made to her prior to her becoming of age. A demurrer to the petition was sustained. Did it state a cause of action? Do these facts toll the statute of limitations?

Admitting that the fraud charged was of such an active nature as to toll the running of the statute of limitations at all, would the statute be tolled until the time of the actual discovery of the facts, or only for such reasonable time as would enable her by the use of ordinary diligence to discover them? We think that she should, within such reasonable time after these misrepresentations had ceased, and the disability of her minority had been removed, have taken active measures to discover their truth or falsity. She could not sit quietly down and await through a long series of years until accident or chance should disclose to her the truth. There is nothing in the petition to explain why she did not discover, or might not have discov-

ered, all of these concealed facts, if they were concealed, long before she did. The public records showing every fact which she says was concealed from her were open to her inspection for twenty years. During this time no one was misleading or anywise deceiving her. We have recently held:

"Where the means of discovery lie in public records required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion." (*Black v. Black*, 64 Kan. 689, 68 Pac. 662.)

Surely, if this be the law, it must be held that one seeking to avoid the statute of limitations must disclose adequate diligence to excuse a delay of twenty years in ascertaining the falsity of representations which an examination of such records would have shown at any time.

Statutes of limitations are statutes of repose. They cease to be such if their effect can be put aside without adequate diligence to discover the truth or falsity of representations depended upon to toll them. Such discovery must be made within a reasonable time. What would be a reasonable time must be left to the circumstances of each case. Certain it is that in this case it has long since elapsed. No reason is given for the delay of twenty years.

Sustaining these views see, *Bills v. Silver King Mining Co.*, 106 Cal. 9, 39 Pac. 43; *Little v. Reynolds*, 101 Ga. 594, 28 S. E. 919; *Mather v. Rogers*, 99 Iowa 292, 68 N. W. 700; *Rouse v. Southard*, 39 Me. 404; *Mathias v. O'Neill*, 94 Mo. 520, 6 S. W. 253; *Hudson v. Kimbrough*, 74 Miss. 341, 20 South. 885; *Lincoln v. Judd*, 49 N. J. Eq. 387, 24 Atl. 318; *Clarke v. Seay*, 51 S. W.

(Ky.) 589; *Green v. Huggins*, 52 S. W. (Tenn.) 675; *Bass v. James*, 83 Tex. 110; *Wood v. Carpenter*, 101 U. S. 135, 25 L. Ed. 807.

The demurrer to the petition was correctly sustained. The judgment will be affirmed.

All the Justices concurring.