Donaldson v. Jacobitz.

ARMINTA E. DONALDSON *et al.* v. A. JACOBITZ.

No. 13,168. (72 Pac. 846.)

SYLLABUS BY THE COURT.

LIMITATION OF ACTION—*Action to Set Aside Fraudulent Conveyance.* An action by a creditor to set aside as fraudulent a deed made to his debtor's wife, and to subject the property to the payment of his debt, is ordinarily barred in two years from the time the deed was recorded, where the creditor knew of the execution of the deed at the time it was made but supposed that it named his debtor as grantee. The fraud is deemed to have been discovered whenever in the exercise of reasonable diligence it might have been discovered, and in such a case reasonable diligence required an examination of the record, which would necessarily have disclosed the fraud alleged. While the action referred to could not be brought until the claim was reduced to judgment, the running of the statute of limitations could not be indefinitely postponed by the delay of the creditor to begin proceedings for that purpose, and such delay could in no event exceed two years without resulting in a complete bar to the action.

Error from Marion district court; O. L. MOORE, judge. Opinion filed June 6, 1903. Reversed.

*Dickerson & Miesse,* for plaintiffs in error.

*R. L. King,* for defendant in error.

The opinion of the court was delivered by

MASON, J : In August, 1895, A. Jacobitz became
surety for George T. Donaldson on a note to H. M.
Thorp for $3000.   This note was renewed at intervals
of several months by new notes signed by Donaldson
as principal and Jacobitz as surety until June 2, 1899,
when such a note was given for a balance of $1068.63.
This note not being paid, Thorp sued Donaldson and
Jacobitz, and on December 10, 1900, obtained a judg-
ment against both.   On February 18, 1901, Jacobitz
paid the judgment, and by proper notice under section
480 of the code (Gen. Stat. 1901, § 4926) preserved
the judgment for his benefit in enforcing repayment
from Donaldson.   On March 30, 1897, a tract of land
was conveyed to Arminta E. Donaldson, the wife of
George T. Donaldson, by a deed which was recorded
on the same day.   On October 22, 1901, Jacobitz
brought an action to subject this land to the payment
of his judgment, alleging that it had been bought
and paid for by George T. Donaldson ; that the title
had been taken in his wife for the purpose of defraud-
ing plaintiff and other creditors, and that plaintiff did
not discover the fraud until the summer of 1900.
Upon a trial, judgment was given for plaintiff, which
defendants now seek to reverse.

The only serious question involved is whether the
statute of limitations had barred the action.   Plaintiff
in error maintains that the recording of the deed was
constructive notice to plaintiff, and that the statute of
limitations began to run from the time it was recorded,
citing *Black v. Black*, 64 Kan. 689, 68 Pac. 662, as de-
cisive of the question.   Defendant in error contends,
first, that constructive notice is not sufficient in such
a case ; that the right of action did not accrue until

actual notice of the fraud, and relies on *Duffitt v. Tuhan*, 28 Kan. 292 ; and second, that, the action being in the nature of a creditor's bill, it could not be brought until the claim was reduced to judgment, and that the statute of limitations did not begin to run until then.

The case of *Laird v. Kilbourne et al.*, 70 Iowa, 83, 30 N. W. 9, cited in *Black v. Black*, supra, holds that in an action to set aside a fraudulent conveyance of real estate the fraud is conclusively presumed to be discovered when the conveyance is filed for record. This rule, which is followed in several later Iowa cases, is exceptional only in that it makes the recording of the deed notice of the fraud as well as of the mere fact of the making of the deed. The usual rule is that the recording of the deed is notice of its execution and contents, but not of the fraud. (14 A. & E. Encycl. of L., 2d ed. 355, note 2 ; *Black v. Black*, supra, and authorities there cited ; *Lewis v. Duncan*, 66 Kan. 306, 71 Pac. 577 ; *Gillespie v. Cooper*, 36 Neb. 775, 55 N. W. 302 ; *Hughes v. Littrell*, 75 Mo. 573.) In the present case the circumstances are such that notice of the terms of the deed would necessarily be notice of the fraud, since plaintiff testifies that he knew of the purchase of the property and supposed that the deed was made to his debtor. The alleged fraud consisted in having the deed name Donaldson's wife as grantee, and showed upon the face of the deed.

There is no conflict in principle between the decision in *Black v. Black*, supra, and that in *Duffitt v. Tuhan*, supra. In the latter case it was said, the language being adopted almost literally from *McMahon v. McGraw*, 26 Wis. 622 :

"In a case like this the statute does not begin to run until the fraud is discovered. For this purpose there is no constructive discovery. If an agent or tenant should fraudulently allow the lands of his

Donaldson v. Jacobitz.

principal or landlord to be sold for taxes, and take the deed himself and put it on record, this would not be notice to the principal or landlord that would set running the statute that would bar him from an action for relief against the fraud."

This statement that there is no constructive discovery must be construed with reference to the facts of the case in which it is used. It is as though the sentence read: "There is no constructive discovery through the mere record of a tax deed fraudulently taken by the agent of the owner." The fiduciary relation between the parties in such case would be sufficient to relieve the owner from any obligation to watch the records for a tax deed to his agent, if the record of such a deed would otherwise be notice to him. Constructive discovery resulting merely from a statute, under such circumstances that the aggrieved person, although actually diligent, has no reasonable opportunity to learn of the facts constituting the fraud, may not be sufficient to set the statute in operation; but constructive discovery resulting from his failure to be diligent when diligence would have disclosed the fraud practiced upon him will always do so. In the present case we hold that Jacobitz is deemed to have discovered the fraud when the deed was recorded, not merely because of the statute making the record notice, but because he was dealing with Donaldson as one interested in his financial standing, becoming his surety month after month and year after year, while the record, being open at all times to his inspection, would upon examination have disclosed the fact that the deed in question was not made to Donaldson. (*Teall v. Slaven*, 40 Fed. [C. C.] 774.)

Defendant in error cites a number of cases holding that the record of a conveyance is not notice to the

world, but only notice to those who are bound to search for it. One of the cases cited, *Ward v. Thomas*, 81 Ky. 452, applies this rule to an antecedent creditor. But the same court, in *Poynter v. Mallory*, 45 S. W. (Ky.) 1042, made a decision indicated by a paragraph of the syllabus reading as follows :

"An action brought by creditors to set aside a deed as fraudulent, more than five years after it was recorded, is barred by limitation, it appearing that plaintiffs, who resided in the town where the deed was recorded, and who were from time to time becoming the sureties of the grantor, might, by reasonable diligence, have discovered the deed at any time after it was recorded."

With regard to the second point raised by plaintiff in error, that the statute of limitations did not begin to run until the claim was placed in judgment, it is sufficient to say that while the present action could not have been begun until a judgment had been obtained (*Taylor v. Lander*, 61 Kan. 588, 60 Pac. 320), the case falls within the rule that one cannot indefinitely postpone the running of the statute of limitations by delay in taking some preliminary action incumbent upon him. (*Bank v. King*, 60 Kan. 733, 57 Pac. 952, and cases cited ; *Mickel v. Walraven*, 92 Iowa, 423, 60 N. W. 633 ; *Stubblefield v. Gadd*, 112 id. 681, 84 N. W. 917.) As soon as Jacobitz had notice of the fraud (which in legal effect was when the deed was filed for record), or at all events as soon thereafter as the then existing note matured, he could have paid the debt and begun action against Donaldson for repayment. Probably the statute would have been suspended between the beginning of the action and the rendition of judgment, provided the action had been diligently prosecuted, but a failure to begin such pro-

·ceeding for more than two years resulted in a complete bar against the action to set aside the deed.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion. .

All the Justices concurring.