St. Clair v. Craig.

GEORGIA ANN ST. CLAIR v. ARTHUR U. CRAIG *et al.*
No. 15,221.    (94 Pac. 790.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Acquisition by Tenant Obligated to Pay Taxes — Validity—Statute of Limitations.* A tenant, while in the possession of real estate under an agreement with the owner to pay the taxes thereon, cannot obtain a tax deed upon such premises for taxes which accrued during his use and possession, and a tax deed so obtained is void and insufficient to start the statute of limitations.

2. ———— *Notice — Recording Fraudulent Deed.* Recording a tax deed which has been fraudulently obtained by a tenant of the land described in the deed will not impart notice of such fraud to an owner who is a non-resident of the state and has no knowledge, or reason to suspect the existence, of such fraud.

St. Clair v. Craig.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed March 7, 1908. Affirmed. Opinion on motion to retax costs filed July 3, 1908.

## STATEMENT.

THIS is an action of ejectment. It was commenced in the district court of Atchison county April 29, 1905, to recover the possession of a small tract of land in that county. The plaintiff recovered judgment, and defendant Georgia Ann St. Clair brings the case here, defendant George Grimes being made a defendant in error.

The petition alleges in substance that the land in controversy was owned by Harriet Craig, who died April 11, 1891, leaving as her sole surviving heirs at law her sons, Arthur U. Craig, the plaintiff, and defendant George Grimes; that about June, 1890, the plaintiff, as the agent of his mother, entered into an oral agreement with Mrs. St. Clair, whereby she agreed to take the land in controversy, and, in consideration of its possession and use, pay the taxes then due thereon and such as might thereafter be levied against it, which arrangement was to continue until the land was otherwise disposed of by Mrs. Craig. Soon after his mother's death the plaintiff renewed this agreement with Mrs. St. Clair, and then left the state and has not returned. Mrs. St. Clair had been an intimate friend of the Craig family for many years. The plaintiff reposed special confidence in her, and believed that during his absence she would continue in the use and possession of the land and pay the taxes thereon in compliance with her agreement to do so. A further averment of the petition reads:

"Plaintiff states that in gross violation of her said agreement, both that made by plaintiff and said defendant, St. Clair, on behalf of his mother, and that between plaintiff and said defendant subsequently to the death of his mother, the said defendant, Georgia Ann St. Clair, though having and enjoying the sole

use and possession of said property according to agreement, permitted the taxes thereon to become delinquent for the years 1890, 1891, 1892 and 1893, made a pretended purchase of the said tax certificates, and in 1894 caused a tax deed to issue thereon to herself, which said tax deed is now of record in the office of the register of deeds of said Atchison county, in book 71, at page 373, and now pretends to own said property under said tax title. Plaintiff was never informed and did not know of said fraudulent acts of said defendant till shortly before the bringing of this action, when for the first time he ascertained the facts as to the pretended claim of said defendant to own said land by receiving a letter from her stating her claims and requesting plaintiff to give, for a nominal consideration, a quitclaim deed to her."

Grimes was made a party defendant because he declined to join as plaintiff.

The answer of Mrs. St. Clair contained (1) a general denial; (2) an averment that .she had been in possession of the land claiming ownership under a tax deed, as alleged in the petition, and admitting the heirship of Craig and Grimes. The third paragraph of the answer reads:

"For a further answer to plaintiff's amended petition, and for cross-petition herein, this answering defendant alleges that heretofore, and on or about the 3d day of September, 1894, this defendant duly obtained a tax deed to the real estate in Atchison county, Kansas, described [here follows a description of the land in controversy]; that at the time this defendant obtained said tax deed, as above stated, the said tract of land was vacant and unimproved, and had been vacant, unoccupied and unimproved for six years or more prior to said September 3, 1894; that said tax deed is recorded in the office of the register of deeds of said Atchison county, Kansas, in volume 71, at page 373.

"This answering defendant further states that if the said plaintiff, Arthur U. Craig, and defendant George Grimes, herein, or either of them, ever did have any right, claim or interest in or to the real estate hereinbefore described, such right, claim or interest is now inferior and subordinate to the title of this defendant."

A prayer to quiet her title as against the plaintiff and Grimes followed. The reply was a general denial.

The case was tried to a jury. Special findings of fact were returned with the general verdict, which read:

"(1) Ques. Was the defendant in the possession and control and having the use of the premises in controversy, with the consent of the plaintiff, at the time she paid the taxes and took an assignment of the tax certificate upon which her tax deed was subsequently based? Ans. Yes.

"(2) Q. If you answer the foregoing question in the affirmative, state how long prior to taking said assignment of said tax certificate had she been in the possession and control and enjoying the use of said premises. A. Four years.

"(3) Q. Has the defendant been in the sole possession and control and having the use of said premises from the time she first took possession thereof to the present time? A. Yes.

"(4) Q. Was there an agreement prior to the death of plaintiff's mother, Harriet Craig, between the plaintiff, acting for his mother, and the defendant, or between plaintiff's mother, acting for herself, and the defendant, to the effect that the defendant should have the sole use and control of said premises till other arrangements should be made, in consideration of the payment of the taxes thereon till such time as other arrangements should be made by the owner? A. Yes.

"(5) Q. If you answer question No. 4 in the affirmative, was a similar agreement to that mentioned in question No. 4 made between the plaintiff and the defendant after the death of his mother, Harriet Craig, about the time the plaintiff left Atchison? A. Yes.

"(6) Q. Were the friendly relations existing between the plaintiff and the defendant at the time he finally left Atchison and some years prior thereto of an exceptionally close and confidential nature, somewhat resembling that of foster mother and son? A. Yes.

"(7) Q. If you find that the defendant had at one time the possession, use and control of said premises, with the knowledge and consent of the owners, and without paying or offering to pay rent therefor, did she at any time thereafter inform the plaintiff, or

other owner or owners, of her intention or desire to give up and relinquish such use, possession and control? A. No.

"(8) Q. Was the defendant's tax deed based upon the taxes levied for the year 1890? A. Was based on taxes of 1891.

"(9) Q. If you answer No. 8 in the affirmative, then state whether the defendant during the year 1890 was occupying and controlling said property during said year. A. Yes.

"(10) Q. Did defendant Georgia Ann St. Clair take possession of the property in question and enjoy the use of same under an agreement or understanding with Harriet Craig, or her agent, Arthur U. Craig, as her agent, to the effect that the defendant should keep the taxes paid upon said property for the use thereof? A. Yes.

"(11) Q. If you answer the preceding question in the affirmative, was such agreement or understanding substantially renewed between the defendant and Arthur U. Craig soon after the death of his mother, Harriet Craig? A. Yes.

"(12) Q. Did the plaintiff, Arthur U. Craig, soon after the death of his mother, Harriet Craig, leave Atchison without thereafter returning thereto? A. Yes."

*Adams & Conlon,* and *Henry Denton,* for plaintiff in error.

*C. S. Hull,* for defendant in error Arthur U. Craig.

The opinion of the court was delivered by

GRAVES, J.: It is claimed that the petition does not state facts sufficient to constitute a cause of action, and objection was made to the introduction of any evidence thereunder for that reason. The petition, taken as a whole, states quite clearly that Mrs. St. Clair went into possession of the land under an agreement with the owner to pay the taxes each year in consideration of the use of the premises; that she enjoyed the rents and profits from the property, neglected to pay the taxes, and then obtained a tax deed founded upon the very taxes which she agreed to pay. A tax deed ob-

tained under such circumstances is void—insufficient to start the statute of limitations. (*Carithers v. Weaver,* 7 Kan. 110; *Krutz and Campbell v. Fisher,* 8 Kan. 90; *Duffitt v. Tuhan,* 28 Kan. 292; *Donaldson v. Jacobitz,* 67 Kan. 244, 72 Pac. 846.)

It is also claimed that if any cause of action is stated in the petition it is one for relief· on the ground of fraud, which under section 18 of the civil code (Gen. Stat. 1901, § 4446) must be brought within two years after discovery of the fraud; that discovery of the fraud must be conclusively presumed from the record of the tax deed, which imparts constructive notice 'to all persons of its contents. This rule of constructive discovery, however, does not apply to cases of this kind. (*Duffitt v. Tuhan,* 28 Kan. 292; *Doyle v. Doyle,* 33 Kan. 721, 7 Pac. 615; *Donaldson v. Jacobitz,* 67 Kan. 244, 72 Pac. 846.) The true rule was well stated by Mr. Justice Mason in the case of *Donaldson v. Jacobitz, supra,* as follows:

" 'There is no constructive discovery through the mere record of a tax deed fraudulently taken· by the agent of the owner.' The fiduciary relation between the parties in such case would be sufficient to relieve the owner from any obligation to watch the records for a tax deed to his agent, if the record of such a deed would otherwise be notice to him. Constructive discovery resulting merely from a statute, under such circumstances that the aggrieved person, although· actually diligent, has no reasonable opportunity to learn of the facts constituting the fraud, may not be sufficient to set the statute in operation, but constructive discovery resulting from his failure to be diligent when diligence would have disclosed the fraud practiced upon him will always do so." (Page 247.)

In the present case, Arthur Craig was not in the state of Kansas. He had no reason to question the good faith and honesty of Mrs. St. Clair, or to think she would not faithfully comply with her contract. Ordinary diligence would not prompt him to suspect her of treachery toward him and watch the public records for confirmation of such suspicion. If, as in

the case of *Black v. Black,* 64 Kan. 689, 68 Pac. 662, or *Donaldson v. Jacobitz,* 67 Kan. 244, 72 Pac. 846, the party sought to be charged with a discovery of the fraud actually had the record for examination, or sustained such relations thereto that due diligence required an examination thereof, then he might well be held to have discovered that which he had a reasonable opportunity to see. A party cannot shut his eyes to things concerning his own interests which are within the range of ordinary observation and then plead ignorance thereof to the detriment of another. In this case, however, the plaintiff did not, and could not, see the record in question. He had no occasion to suspect that such a record existed, and therefore should not be held to have discovered the fraud of defendant St. Clair merely because she recorded her fraudulent tax deed.

The date when the tax deed was recorded does not appear in the abstract of the evidence nor in the pleadings, and the answer does not contain an affirmative plea of the statute of limitations. That question, therefore, is not properly within the issues presented; but the case seems to have been tried upon the theory that it was a material question, and we therefore thought best to consider it.

Complaint is made of the instructions given by the court to the jury, but we are unable to find material error in any of them. The objections are mainly predicated upon the insufficiency of the petition, but since no objection was made to the petition except to prevent the introduction of any evidence thereunder its averments must be liberally construed. When thus construed it fully meets all the conditions contained in the instructions, and fairly presents the case to the jury.

The judgment of the district court is affirmed.

OPINION ON A MOTION TO RETAX COSTS.

*Per Curiam:* The motion to retax costs is allowed with respect to the item of $13.85 for the record copied for the court, which will be remitted. It is disallowed with respect to the item of $2 for the opinion copied for the district court. (Gen. Stat. 1901, §§ 3030, 1904; *Harrison v. Benefit Society,* 61 Kan. 134.)