DOROTHY D. KLINE *et al.*, *Appellees*, v. D. P. COWAN, *as Sheriff*, *etc.*, *et al.*, *Appellants.*

No. 17,070.

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Conveyance in Fraud of Creditors.* The owner of a hotel in another state—a single man—bought furniture and fixtures therefor of a hardware company. Thereafter he conveyed the hotel in exchange for a farm in Kansas, and to defraud his creditors, and especially the hardware company, procured the deed for the land to be made to his sister-in-law and himself jointly.    Soon thereafter he quitclaimed the land without consideration to the husband of the sister-in-law, who without consideration also quitclaimed to her.    *Held*, that the land is still to be regarded as the property of the single man and subject to execution for the debt of the hardware company, notwithstanding the sister-in-law and her husband occupied it and claimed it as a homestead before the judgments were recovered.

2. HOMESTEADS—*Gratuitous Grantee—Injunction.*    To impress land with a homestead character some real interest or ownership must exist, and a mere gratuitous grantee of one who conveys to defraud his creditors does not acquire any real interest or ownership, and such grantee is not entitled to an injunction against the sale of such land in satisfaction of the grantor's debts.

3. DEEDS—*Notice—Fraud.*    Deeds duly recorded impart notice of their contents but not of fraud practiced by means of such deeds, unless their character or terms are such as to furnish evidence of such fraud or information which may lead to its discovery.

Appeal from Lyon district court.    Opinion filed May 6, 1911.    Reversed.

*J. G. Hutchison,* for the appellants.

*Dennis Madden,* and *W. C. Roberts,* for the appellees.

The opinion of the court was delivered by

WEST, J.: The appellees, Dorothy D. Kline and her husband, James M. Kline, sued to enjoin the appellants, the sheriff and the creditor of one Daniel Kline, from selling certain land on execution. Among the findings of fact are the following, in substance: That prior to February 15, 1905, Daniel Kline was the owner of a hotel in Bartlesville, Okla.; that on February 15, 1905, he conveyed this hotel to one H. H. White, in exchange for eighty acres of land in Lyon county, Kansas, which land was deeded to Daniel Kline and Dorothy D. Kline, jointly, the deed being recorded April 1, 1905; that while owning the hotel, Daniel Kline became indebted to the Richards & Conover Hardware Company, a Missouri corporation, for kitchen furniture and fixtures, bought by Kline and placed in the hotel; that on April 25, 1905, Daniel Kline, without consideration, executed a quitclaim deed for his interest in the land to James M. Kline, which deed was recorded April 29, 1905; that on October 3, 1907, James M. Kline without consideration executed a quitclaim deed for the land to Dorothy D. Kline; that upon the execution of the deed from White to Daniel and Dorothy D. Kline, the latter, and James M. Kline, her husband, took possession of the land and continued to occupy it as a homestead until after the beginning of this suit, when it was sold to one Wiley, James M. Kline and wife having in the meantime mortgaged it for $2450; that the hardware company recovered judgments on its indebtedness in a justice court November 23, 1907, and on November 26, 1907, filed abstracts in the district court and procured executions to be issued thereon, and that the sheriff proposed to sell the land in controversy by virtue of these executions. The court further found that the conveyance from White to Daniel and Dorothy D.

Kline was by the latter procured to be made to hinder, delay and defraud Daniel's creditors, and especially the hardware company, and that Dorothy D. Kline knew that the title of the hotel was in Daniel Kline and that he represented himself as the owner thereof when he obtained credit of the hardware company and that she made no claim to the company that she was the equitable owner of the hotel or had paid the consideration therefor or owned any interest therein, and that the hardware company had no knowledge that the Klines owned or claimed to own the land in question until February 4, 1907, when the company received notice from its attorney that "they had an eighty-acre farm."

On these findings, and others not necessary to notice, the court made conclusions of law to the effect that the hardware company was charged with constructive notice of the contents of the deeds of February 15 and April 25, 1905, and with constructive knowledge of the fraud practiced by means thereof, and that by failure to exercise diligence the right of the company to attack the conveyances was barred by the statute of limitations; that the appellees were entitled to an injunction as prayed for, and that the land was the homestead of Dorothy D. and James M. Kline.

The appellants moved for judgment on the findings, and this being denied they moved for a new trial, which was denied.

The complaint is that the court erred in its conclusion of law that the hardware company was charged with constructive notice not only of the deeds, but also of the fraud practiced by means thereof. The appellees insist that a homestead question only is presented, and as no liability attached for purchase money, taxes, improvements or liens given by consent of both husband and wife, the hardware company can not look to the land for satisfaction of its judgments. It is also suggested that this was an attempt to use the two-year statute of limitations not as a weapon of attack, but

properly, as a shield of title or an incident of the homestead occupancy; while on the other hand it is claimed that the appellees are asking affirmative relief and are attempting to convert the defensive shield of the limitations act into a sword of attack, citing *Burditt v. Burditt,* 62 Kan. 576, and other cases.

Both parties appear to accept the findings of fact as correct, and complain only of the conclusions of law. One theory of the appellants seems to be that Daniel Kline is still the real owner of the land, the quitclaim deeds being without consideration, and that as he could not give the land away in fraud of his creditors, his gratuitous grantee can not hold it as against such creditors; or, more correctly speaking, that he could not trade his hotel for land and escape the ownership of the latter by giving it to his sister-in-law in fraud of the hardware company.

A fair conclusion to be drawn from the findings themselves is that Daniel Kline, in order to defraud his creditors, procured his land to be gratuitously deeded to Dorothy D. Kline, and therefore as between himself and herself on the one hand, and the hardware company on the other, he is the owner of the land, and being single, it could not be his homestead; and therefore it is subject, or should be subject, to execution sale for the payment of his debts. This conclusion leaves entirely out of view the finding that for more than two and one-half years the land was occupied by James M. Kline and wife as a homestead. The trouble with this finding is that it assumes the right of one without title or ownership in law to impress real estate with a homestead character. Had James M. or Dorothy D. Kline really owned the land or an interest therein this would have been possible, but a mere gift in fraud of creditors is insufficient to vest such a title or interest as will support a claim of homestead. Otherwise a merchant in failing condition, heavily indebted, might in fraud of his creditors exchange his entire stock for a farm and

have the deed made to another without consideration, and thus enable the grantee to hold the farm as a homestead free from attacks by the creditors. The law will not permit fraud thus to be practiced. The findings failing to show that James M. or Dorothy D. Kline obtained any real title or interest in the land, the trial court was not warranted in concluding that it was their homestead, as against the hardware company. (*Long Brothers v. Murphy*, 27 Kan. 375.) There is no difference in principle and ultimate effect between giving the hotel to Dorothy D. Kline and giving the proceeds thereof—the farm—to her, and the statute makes void every conveyance of real estate for the purpose of hindering, delaying or defrauding creditors. (Gen. Stat. 1868, ch. 43, § 2, Gen. Stat. 1909, § 3834.) To hold that Daniel Kline could give away his property to defraud the hardware company would be to violate the maxim that one must be just before he is generous.

While, no doubt, the creditors are charged with notice of the contents of the recorded deeds, we are not disposed to hold that they are also charged with knowledge of the fraud practiced by means of such deeds. We fail to see how the record of a deed from White to the Klines would give any intelligible clue to the fact that Daniel Kline had disposed of his hotel, or that he had so manipulated its disposal as to make a deed, fair on its face, speak aught but the truth. In *Lewis v. Duncan*, 66 Kan. 306; *Black v. Black*, 64 Kan. 689; *Donaldson v. Jacobitz*, 67 Kan. 244; and *Rogers v. Richards*, 67 Kan. 706, the instruments held to impart notice were in and of themselves of such character as to inform the searcher of the record as to the nature of the fraud. But where the recorded instrument, as in this case, furnishes no evidence of the fraud, constructive knowledge thereof can not be imputed. (*Lant v. Manley*, 75 Fed. 627; *Godbold v. Lambert*, [S. C.] 8 Rich. Eq. 155; *Means v. Feaster*, 4 S. C. 249; *Erickson et al. v. Quinn*, 47 N. Y. 410.)

The attempt to satisfy the judgments by a sale of the land was in effect an action for relief on the ground of fraud which could be brought within two years from its discovery. If successful it must have substantially the same effect as a creditor's bill to set aside the deeds from Daniel and James M. Kline and the deed from White to Dorothy D. Kline, and subject the property to the payment of the judgments as the property of the real owner, Daniel Kline.

Daniel. Kline in paying for the land by the conveyance of his hotel and placing the title of the former in part in Dorothy D. Kline, thereby made her a trustee for his creditors (Gen. Stat. 1868, ch. 114, §§ 6, 7, Gen. Stat. 1909, §§ 9699, 9700), such part amounting presumably to a one-half interest. (13 Cyc. 664.) The finding that this was done by Daniel Kline to defraud his creditors is perhaps equivalent to a finding that aside from the land he was insolvent, for had he possessed other reachable property sufficient to satisfy his debts, he could hardly have intended to defraud his creditors by this conveyance; and this, being without consideration, could vest no interest in Dorothy D. Kline as against creditors. The transfer to her by James M. Kline, while more than two years later, was also without consideration like the deed from Daniel Kline to him, and assuming that James M. Kline was a party to the fraud, the condition is the same in effect as if Daniel had conveyed directly to Dorothy, and both deeds would be void if made with the intent to enable Daniel to hinder or defraud his creditors. There is no finding as to this save the inference which might be drawn from the first conclusion of law, which recites fraud. practiced "by means of said deeds." While the trial court very likely regarded both the quitclaim deeds as fraudulent, no such express declaration is found. The reference to Dorothy D. Kline's failure to assert an interest in the hotel when the furniture was purchased indicates that some evidence may have been offered tending to show a claim of ownership by her, as the

language of the finding would otherwise seem superfluous. The cause appears to have been treated as involving mainly the questions of homestead and limitations. When the hardware company discovered the fraud it acted promptly, hence the statute of limitations is no bar, but if it were, we see no reason why the appellees could not avail themselves thereof, whether it be considered a weapon or a shield. The homestead question also being eliminated, the cause should be remanded with instructions to refuse the injunction as to Daniel Kline's interest in the land, and as to the remainder, unless it is made to appear that its transfer was *bona fide,* or that James M. or Dorothy D. Kline has some actual interest therein. The purchaser, Wiley, assumed the 1850-dollar mortgage and the commission mortgage, and the sale should be made subject to these, also to the 650-dollar mortgage less the value, if any, of the chattel security as the same shall be made to appear.

The judgment is reversed and the cause is remanded for further proceedings in accordance herewith.