Underwood v. Fosha.

<hr>

No. 19,633.

A. F. UNDERWOOD, *Appellant,* v. HENRY F. FOSHA et al.,
*Appellees.*

SYLLABUS BY THE COURT.

1. FRAUDULENT CONVEYANCE—*Recorded Deed—Notice to Creditors—Limitation of Actions.* The record of a deed fair and regular on its face, executed for the purpose of hindering, delaying and defrauding creditors in the collection of their debts, does not impart notice of the fraud of the parties to the deed in executing it for the purpose named.

2. CREDITOR'S BILL—*No Laches in Commencing Action.* The plaintiff, in an action in the nature of a creditor's bill, is not guilty of laches in reducing his claim to judgment, where he has been diligent in prosecuting his claim, although more than ten years have elapsed before judgment is obtained.

Appeal from Riley district court; SAM KIMBLE, judge. Opinion filed November 6, 1915. Reversed.

*John W. Newell,* of Topeka, and *George E. Stoker,* of San Francisco, Cal., for the appellant.

*Hal E. Harlan,* of Manhattan, and *Ira C. Snyder,* of Denver, Colo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action in the nature of a creditor's bill. The defendants filed a demurrer to the petition, which was sustained. The plaintiff appeals.

The petition is too long to set out. The facts disclosed therein are substantially as follows: On February 3, 1914, the plaintiff became the owner of two promissory notes for

$1333.33 each, which had been executed by defendant Henry F. Fosha and delivered to The Ashurst Oil, Land & Development Company. These notes matured respectively on January 22 and April 22, 1904. On February 19, 1908, the plaintiff began the action which resulted in the judgment on which the present action is founded, and recovered judgment therein against Henry F. Fosha January 10, 1914, in the sum of $4980.

The note which matured January 22, 1904, was forwarded to The Riley State Bank, of Riley, Kan., for collection, and the same day Fosha filed suit to replevin the note from the bank. The action was thus prosecuted through the district court of Riley county, and to this court, wherein a decision was reached June 8, 1907. (*Youle v. Fosha,* 76 Kan. 20, 90 Pac. 1090.)

May 27, 1904, the plaintiff filed suit against defendant Henry F. Fosha in the district court of Riley county, to recover on the note maturing April 22, 1904, and voluntarily dismissed the action January 13, 1905. January 26, 1905, the plaintiff filed suit against defendant Henry F. Fosha in the district court of Wyandotte county, to recover on both notes, and that case was disposed of in this court in April, 1906, by holding that no service of summons had been obtained on Fosha. (*Underwood v. Fosha,* 73 Kan. 408, 85 Pac. 564.)

Defendants Fosha and wife Sophia executed a general warranty deed conveying to defendant Herman Kleiner certain property for a purported consideration of $20,000. The deed was executed July 16, 1904, and was duly recorded next day in the office of the register of deeds of Riley county. This deed was voluntary and without consideration, and made for the purpose of hindering, delaying and defrauding the plaintiff and other creditors. The plaintiff did not learn of this fraud until within two years next preceding the filing of his petition in this action.

The plaintiff also complains of a subsequent warranty deed executed two years later, by which the above-mentioned land was conveyed by defendants Herman and Katie R. Kleiner to Sophia Fosha, the wife of Henry F. Fosha. This deed was without consideration and fraudulent, and was recorded September 8, 1906.

The plaintiff commenced this action March 13, 1914, after

the return of an unsatisfied execution on his judgment, to cancel and set aside the above-mentioned deeds.

The defendants demurred to the plaintiff's petition on the grounds that the petition did not state facts sufficient to constitute a cause of action against the defendants, or any one of them, and that the action was barred by the statute of limitations when it was commenced.

Was this action barred by the two-year statute of limitations at the time it was commenced? The answer to this question depends on the answer to the next. Did the record of the deed from Fosha and wife to Kleiner impart notice to the plaintiff of the fraud of the defendants in executing the deed? There is no question about the action having been cemmenced in time, so far as the deed from Kleiner and wife to Sophia Fosha is concerned. In *Black v. Black,* 64 Kan. 689, 68 Pac. 662, this court said:

"Where the means of discovery lie in public records required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion." (Syl. ¶ 2.)

This language was quoted in *Lewis v. Duncan,* 66 Kan. 306, 308, 71 Pac. 577, and in *Hutto v. Knowlton,* 82 Kan. 445, 448, 108 Pac. 825. The same rule was announced in *Rogers v. Lindsay,* 89 Kan. 180, 131 Pac. 611, and in *Walline v. Olson,* 84 Kan. 37, 113 Pac. 426. The record of the deed imparts notice of everything contained therein. It does not impart notice of matters wholly outside the deed. There is nothing in the deed to show that the defendants executed it for the purpose of hindering, delaying or defrauding the plaintiff or other creditors in the collection of their debts. This the plaintiff alleges he did not discover until within two years prior to the commencement of this action.

In *Donaldson v. Jacobitz,* 67 Kan. 244, 72 Pac. 846, the case principally relied on by the defendants, this court said:

"The case of *Laird v. Kilbourne et al.,* 70 Iowa, 83, 30 N. W. 9, cited in *Black v. Black,* 64 Kan. 689, 68 Pac. 662, holds that in an action to set aside a fraudulent conveyance of real estate the fraud is conclusively presumed to be discovered when the conveyance is filed for record. This rule, which is followed in several later Iowa cases, is exceptional only in that it makes the recording of the deed notice of the fraud as well as of the mere fact of the making of the deed. The usual rule is that the re-

cording of the deed is notice of its execution and contents, but not of the fraud. (14 A. & E. Encycl. of L. 355, note 2; *Black v. Black*, supra, and authorities there cited; *Lewis v. Duncan*, 66 Kan. 306, 71 Pac. 577; *Gillespie v. Cooper*, 36 Neb. 775, 55 N. W. 302; *Hughes v. Littrell*, 75 Mo. 573.) In the present case the circumstances are such that notice of the terms of the deed would necessarily be notice of the fraud, since plaintiff testifies that he knew of the purchase of the property and supposed that the deed was made to his debtor. The alleged fraud consisted in having the deed name Donaldson's wife as grantee, and showed upon the face of the deed." (p. 246.)

In the present case an inspection of the record of the deed will not disclose any fraud on the part of any person. The deed states that $20,000 was received by the defendants. If the estate of the defendants was as valuable as before the deed was made, and was as available to the plaintiff for the purpose of enforcing his claim, no fraud was committed against the plaintiff. In *Kline v. Cowan*, 84 Kan. 772, 115 Pac. 587, a similar statement was made:

"While, no doubt, the creditors are charged with notice of the contents of the recorded deeds, we are not disposed to hold that they are also charged with knowledge of the fraud practiced by means of such deeds. We fail to see how the record of a deed from White to the Klines would give any intelligible clue to the fact that Daniel Kline had disposed of his hotel, or that he had so manipulated its disposal as to make a deed, fair on its face, speak aught but the truth. In *Lewis v. Duncan*, 66 Kan. 306, 71 Pac. 557; *Black v. Black*, 64 Kan. 689, 68 Pac. 662; *Donaldson v. Jacobitz*, 67 Kan. 244, 72 Pac. 846; and *Rogers v. Richards*, 67 Kan. 706, 74 Pac. 255, the instruments held to impart notice were in and of themselves of such character as to inform the searcher of the record as to the nature of the fraud. But where the recorded instrument, as in this case, furnishes no evidence of the fraud, constructive knowledge thereof can not be imputed." (p. 776.)

The record of the deed from Fosha and wife to Kleiner did not impart notice of the fraud of the defendants in executing the deed. It follows that the plaintiff's action was not barred at the time it was commenced.

2. Is the plaintiff precluded by his own laches from maintaining an action to set aside the deeds? From the petition it appears that litigation over one or both of these notes has been almost continuously pending from the time they became due until the present time. From the petition it abundantly appears that the plaintiff has been diligent in his efforts to reduce these notes to judgment, and immediately after he ob-

tained judgment on them the present action was commenced. This action could not be brought until judgment was obtained on the notes. The action on the notes was a preliminary step that must be taken within a reasonable time after the discovery of the fraud. That reasonable time could not be more than two years after that discovery. The fraud was not discovered until within two years next preceding the commencement of the present action. The plaintiff can not be said to be guilty of any laches under these circumstances.

The demurrer should have been overruled. The judgment of the district court is reversed. The cause is remanded with directions to overrule the demurrer and proceed with the cause.