No. 20,283.

ROY CRIBB et al., *Appellees, v.* T. J. HUDSON, *Appellant,* and THE WILSON COUNTY BANK, *Defendant.*

SYLLABUS BY THE COURT.

1. PETITION—*Motion to Make Definite and Certain—Separately State and Number Causes of Action—Judicial Discretion.* The allowance or denial of a motion to make a petition more definite and certain and to separately state and number the causes of action therein contained is ordinarily within the sound discretion of the trial court. (Civ. Code, § 122.)

2. SAME. Where the chief aim of a petition filed by tenants in common against their cotenant is to state a cause of action for partition, the allegations asserting a right to an accounting and for rents and

profits may be treated as mere incidents of the main cause of action, and need not be separately stated and numbered, unless this is required by the trial court.

3. TENANTS IN COMMON—*Recognition of Cotenants—Evidence.* Where a defendant tenant in common has agreed to purchase the interest of his cotenants in common, all the circumstances, including a deed prepared to convey such interest on the payment of the agreed price, are competent evidence on the question whether defendant was recognizing the rights of his cotenants in common or holding adversely to them.

4. TENANTS IN COMMON—*Possession by One Cotenant—Possession of All.* The possession of property by one tenant in common is the possession of all his cotenants in common, and the rights of the latter can only be extinguished by clear, convincing and satisfactory proof of open, notorious, exclusive, adverse possession for fifteen years, following *Schoonover v. Tyner,* 72 Kan. 475, 84 Pac. 124.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed November 11, 1916. Affirmed.

*D. J. Sheedy,* and *J. L. Stryker,* both of Fredonia, for the appellant.

*John T. Cooper,* of Fredonia, *F. H. McCulloch,* and *Katherine Waugh McCulloch,* both of Chicago, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This action involves the rights of plaintiffs and defendant in two hundred acres of land in Wilson county. Prior to 1885 the title and ownership had been vested in Churchill Edwards, a citizen of Illinois, who died intestate, leaving a widow and five living children and three minor grandchildren who were the offspring of his deceased daughter, Alice. In June, 1885, this widow and all her living sons and daughters and their spouses conveyed the land in controversy to defendant T. J. Hudson, the deed reciting that the grantors were the sole heirs at law of Churchill Edwards—

"Except the minor children of Alice Cribb, deceased, said Alice Cribb being a child of said Churchill Edwards, deceased, who died before said Churchill Edwards did, and left surviving her three children, viz: Roy Cribb, Ida Cribb and Arthur Cribb."

The deed to Hudson described the parcel of land conveyed in terms of the government survey, concluding thus:

"Exception and reserving therefrom the right, title interest and estate therein of the said Roy Cribb, Ida Cribb and Arthur Cribb."

This deed was recorded in November, 1885.

The plaintiffs include Roy Cribb, Ira Cribb who is the father of Arthur Cribb who died single, the husband and minor children of Ida who is likewise dead, and the guardian of these minors.

The plaintiffs' action was for possession as tenants in common with the defendant, for an accounting of rents and profits, and for partition.

Defendant's answer pleaded:

"Defendant further admits that some kind of deed was executed in his favor about twenty-nine years ago by parties claiming to own the land, for which he paid for at the time of the execution of said deed, but defendant says he has not been able to find said deed since the filing of petition by plaintiff, and is therefore unable at this time to state the terms of said deed.

"Second: For a further answer to plaintiff's petition defendant says that he has been in the full, open notorious, peaceable, continuous and undisputed possession of each and every part thereof for more than twenty-eight years last past, and that during all of said time, he has made claim of full title and ownership of said land, openly and adversely to all others, and now claims to own said land, not only by deed, but by adverse possession. That during all of that time he has paid the taxes on said land, has had the same inclosed by fence, and has in no way been disturbed in his possession."

Certain special questions were answered by the jury, and the judgment decreed partition:

"And that there be set off to said parties their special interest therein as follows:

"To T. J. Hudson a $11\!/\!_{12}$ interest therein.

"To Roy Cribb a $\frac{1}{36}$ interest therein.

"To Ira C. Cribb a $\frac{1}{36}$ interest therein.

"To Samuel C. Bailey a $\frac{1}{72}$ interest therein.

"To Edwin C. Bailey a $\frac{1}{144}$ interest therein.

"To Mabel R. Bailey a $\frac{1}{144}$ interest therein. . . .

"And if decided that such partition cannot be so made without manifest injury thereto, that said premises be appraised and sold, . . . an attorney fee of $50.00 to plaintiff's attorneys, . . . rents and profits . . . for the year 1914 in the sum of $100.00. The balance of said proceeds shall be paid to the respective parties according to their respective interest as above set forth."

The defendant appeals, and the principal errors assigned will be discussed.

1. The defendant filed a motion to require the plaintiffs to make their petition more definite and certain in the following

particulars: "7th. To require the plaintiffs to separately state and number his several causes of action."

This motion was overruled. Such ruling was within the court's discretion. (Civ. Code, § 122.) The appellant does not disclose and it can not be discerned how this ruling prejudiced him. (Civ. Code, § 581; *Hamilton v. Railway Co.*, 95 Kan. 353, 359, 148 Pac. 648.) Virtually the plaintiffs' case constituted but one cause of action—partition. As to rents and profits, none was awarded except for the then current year, and the small fraction thereof accruing to plaintiffs was only a trifling incident in the case.

This motion to make more definite likewise sought to have the plaintiffs set out certain dates, ages, etc., such as the date of the death of Alice Cribb. The date of her death was of no consequence. Neither was her age; nor were the ages of her children. Defendant's deed told him they were minors; so did the petition. The age of Ira, the father of Arthur who died in 1892, was immaterial; nor was it important whether a guardian was appointed for Ida's minor children at her death or not. A guardian for them was appointed sometime, The State Bank of Evanston, Ill., and it was one of the plaintiffs in this case. (Civ. Code, § 110.)

2. Defendant assigns error because a deed dated April 3, 1900, from the claimants of the outstanding title under Alice (Edwards) Cribb was introduced in evidence as one of the circumstances to show that as late as 1900 Hudson recognized their interests as tenants in common. Ira Cribb testified that he had offered to sell plaintiffs' interest to Hudson for $100 and that Hudson had agreed to buy at that price, and the deed was sent to the Wilson County Bank. While it does not appear that Hudson ever took up this deed, his letters written to Ira Cribb in 1901, 1902 and 1903 contained statements tending to corroborate Cribb's testimony. They read:

"June 11th, 1901. . . . And if farm matters turn out as prospects now indicate, I will be in shape to take up the deed to your satisfaction this fall."

"Feby. 24, '02. . . . I contemplate selling most of my personal property about the first of May and if I do so will take up deed."

"April 3, 1903. . . . I told you when here however, that rather than have a claim hanging over me, that when I got around to it I would send one hundred dollars for the child's part which you claim I have no

Cribb v. Hudson.

title to. There was no agreement on my part with you that I was indebted to anyone and I am neither under moral or legal obligations to take up and pay for the deed you sent. . . . Should I get ahead so that I have one hundred dollars which I am not compelled to use immediately and I hope to be in that condition soon, I will take up the deed, but do not agree to do it now or at any time."

The findings of fact conclude this phase of the case:

"Q. No. 8. Did T. J. Hudson, the defendant, go into possession of . . . the lands in controversy, on or about November 2d, 1885? A. Yes.

"Q. No. 1. Did the defendant T. J. Hudson recognize the interest of plaintiffs in said lands prior to April 3, 1900, and agree to pay them one hundred dollars? A. Yes.

"Q. No. 2. Did the plaintiffs send the deed for their interest in said lands to the Wilson County Bank for said defendant? A. Yes.

"Q. No. 3. Did the said defendant continue to recognize the interest of said plaintiffs in said lands until April 3, 1903? A. Yes."

3. The demurrer to the evidence was properly overruled. The discrepancy between the petition and the proof on the question whether Alice or her father, Churchill Edwards, died first is immaterial. She was dead leaving minor heirs when Hudson acquired the land by the deed of 1885, and that deed apprised him of their existence and of their rights. Hudson's possession was the possession of all the tenants in common. The rule as to such is "One for all; all for one." And it takes considerable ingenuity on the part of a tenant in common to avoid that doctrine and to arrange his conduct and possession so as to institute an adverse holding against his fellow tenants in common, with notice to them, so that the statute of limitations will begin to run. Nor is there any good reason in law or morals why it should be otherwise. Defendant's mortgaging the land about three years after he acquired an eleven-twelfths interest in it did not have that effect; and defendant fails in this action not so much on account of the affirmative proof of recognition adduced by plaintiffs as on account of the lack of clear, convincing and satisfactory proof affirmatively showing defendant's adverse possession for the statutory period of fifteen years. (*Schoonover v. Tyner,* 72 Kan. 475, 84 Pac. 124.)

The other errors assigned have been carefully examined but the court does not consider them serious or worthy of discussion. (Civ. Code, § 581.)

The judgment is affirmed.