No. 20,920.

JOSEF SEGELBOHM, *Appellant*, V. EDWARD WALDNER, MICHAEL KROCKOVER, and EDWARD KATSINGER, *Appellees*.

SYLLABUS BY THE COURT.

1. COTENANCY—*Possession of One Cotenant—Adverse Possession.* The ordinary rule that the possession of one tenant in common is the possession of his cotenant in common does not apply where the one holding the title and possession openly and notoriously asserts and exercises such acts of exclusive ownership and exclusive right of disposition as to show clearly and convincingly that the property is being held adversely to any claim of his cotenant to an interest therein.

2. COTENANCY—*Acts of Cotenant Showing Adverse Possession—Limitation of Actions.* Where one tenant in common conveys his interest in real estate to his fellow tenant in common, upon an oral agreement that if the grantee should sell the property the grantor was to receive his share of the proceeds, and the latter bequeaths the property to his wife by will, in which testament he asserts that it was exclusively the fruits of his own and his wife's labors, and charges the property with a bequest in favor of a church to be paid when she sells the property, and the will is probated, and the wife enters into possession and remarries, and conveys part of the property to her

second husband, and later she and her second husband convey part of the property to a third party—all these acts and circumstances constitute open and notorious notice to the grantor that the property is being held adversely to his claim of interest in it; and where he takes no steps to assert his interest or to maintain his rights for more than fifteen years thereafter his action is barred by the statute of limitations.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed June 9, 1917. Affirmed.

*John T. Little, C. B. Little,* both of Olathe, and *George Horn,* of Kansas City, Mo., for the appellant.

*W. L. Wood,* of Kansas City, and *S. D. Scott,* of Olathe, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, Josef Segelbohm, claimed a half interest in a tract of land in Johnson county, and brought this action for partition, possession, and for rents and profits.

In 1886 Josef Segelbohm and his uncle, Michael Rosenberg, jointly acquired the property in dispute, the latter holding the legal title. Later, in 1889 and in 1890, written instruments were recorded in the office of the register of deeds, signed by both Rosenberg and Segelbohm, which disclosed that the parties were tenants in common and that each held an undivided half interest in the property. In 1894 Segelbohm departed for Europe, but before leaving he executed and delivered to Rosenberg a quitclaim deed, which in addition to the ordinary recitals contained the following:

"The object of this instrument is to convey all interest of said grantor in said real estate and especially the interest acquired by agreement dated November 16, 1886 referred to in contract between Michael Rosenberg and Josef Segelbohm recorded February 1, 1889, in book 63 page 4 in said Johnson county and also to especially convey any interest acquired by said last named contract recorded in book 63 page 4 aforesaid and to release the same of record."

In 1898 Rosenberg made a will bequeathing all his property, and specifically mentioning the property involved herein, to his wife, Annie Rosenberg. He charged this particular property with an item of $1000 in favor of a Jewish church, to be paid when his widow should sell it. The will in terms de-

clared that all his property was the fruits of the joint efforts of himself and his wife. Sometime later Michael died and his will was probated, and pursuant thereto his widow entered into possession. She married Michael's brother, Alexander Rosenberg, in October of the same year, 1898, and on her wedding day conveyed part of the property to Alexander. In 1899 Alexander and Annie conveyed part of the property to a trust company. In 1899 Annie and Alexander were divorced; and in 1900 she was married to the defendant Michael Krockover; and in 1912 she died after bequeathing all her property to Krockover.

Segelbohm filed this action against Krockover and others on September 1, 1914. Among the trial court's findings of fact are:

"VII. About the first of October, 1894, Josef Segelbohm was about to make a trip to Europe to stay for some time, and in order to place the title of the said lots so that Michael Rosenberg could sell the same if he had an opportunity an oral agreement was entered into between Josef Segelbohm and Michael Rosenberg, that said Josef Segelbohm should make a quit-claim deed of his interest in said real estate to Michael Rosenberg, and that if Michael Rosenberg should make a sale of said land, that he would send Josef Segelbohm's part of the proceeds of said sale to him, and in accordance with said oral agreement Josef Segelbohm, a single man, made a quit-claim deed of said lots to Michael Rosenberg on the 8th day of October, 1894, which was filed for record on October 12, 1894, in the office of the register of deeds on Johnson county, Kansas, and Josef Segelbohm soon thereafter went to Europe and remained there for nearly a year and afterwards returned to Kansas City, Mo. . . .

"XVI. Since the death of Michael Rosenberg in 1898 the plaintiff, Josef Segelbohm, has not been in possession of any part of the said real estate and has not made any improvement thereon, and has received none of the rents or profits from said lands, and has not asserted or attempted to assert any rights of ownership over said property. Said Josef Segelbohm has been a resident of Kansas City, Jackson county, Missouri, at all times since some time in 1895.

"XVII. After the death of M. Rosenberg, Annie Rosenberg made statements to outside parties that Joe (meaning the plaintiff) owned an interest in said land."

The trial court likewise made certain conclusions of law:

"I. Prior to Nov. 28, 1890, M. Rosenberg held an undivided one-half interest in the land, in trust for Josef Segelbohm, under an express trust.

Segelbohm v. Waldner.

"II. By the release executed Nov. 28, 1890, and the quitclaim deed executed October 18, 1894, Josef Segelbohm released the previously existing trust.

"III. The oral contract entered into at the time of making the quitclaim deed October 18, 1894, was an attempt to create an express trust by parol, and is void.

"IV. The making and probating of the will of M. Rosenberg in 1898 was a repudiation of any existing trust and started the statute of limitations.

"V. Admissions made orally to third parties by Annie Rosenberg after the death of M. Rosenberg, and not communicated to Josef Segelbohm, did not toll the statute of limitations.

"VI. Plaintiff's action is barred by the statute of limitations.

"VII. Plaintiff is guilty of laches.

"VIII. Defendant, Krockover, is entitled to judgment against the plaintiff."

It will thus be seen that the learned trial court found three distinct but insuperable legal barriers to the plaintiff's claim to an interest in this property—the statute of trusts and powers, the statute of limitations, and laches. Any one of these, if pertinent, will sustain the judgment. Let us test the decision by the use of the simplest first, and this is the fifteen years' statute of limitations. (Civ. Code, § 15, Gen. Stat. 1915, § 6905.) When Rosenberg made his will bequeathing this particular land to his wife, and charged it with an item of $1000 in favor of the church, to be paid when his widow should sell the property, in the same instrument asserting that the property was exclusively the fruits of his own and his wife's industry, those acts were a clear repudiation of his holding an interest in the property as a trustee or tenant in common for the benefit of his nephew Segelbohm, if such trusteeship or tenancy in common then existed. This occurred in 1898. His will was probated on April 12, 1898. Those facts were notice to Segelbohm that the property was being openly and notoriously held adversely to his pretensions as a tenant in common. (*Black v. Black*, 64 Kan. 689, syl. ¶ 2, 68 Pac. 662; *Donaldson v. Jacobitz*, 67 Kan. 244, 72 Pac. 846; *Duphorne v. Moore*, 82 Kan. 159, 107 Pac. 791; *Walline v. Olson*, 84 Kan. 37, 113 Pac. 426. See, also, *Underwood v. Fosha*, 96 Kan. 549, 551, 152 Pac. 638.) That was more than fifteen years before Segelbohm began to assert his interest. The other conveyances to third parties which were made over fifteen years prior to the com-

mencement of this action were to the same effect. While the ordinary rule is that the possession of one tenant in common is the possession of all his cotenants, and as between them no statute of limitations is involved, yet the general rule is otherwise where the one holding the title and possession openly and notoriously asserts and exercises such acts of exclusive ownership and exclusive right of disposition as to show clearly and convincingly that the property is being held adversely to any claim of his cotenant to an interest therein. Here there was no concealment in any of these transactions which might make the general rule inapplicable. Disavowal of cotenancy was made by Michael Rosenberg in his will in 1898. Notice of this was given to plaintiff when the will was probated. Disseizin of plaintiff occurred when Rosenberg's widow entered under Rosenberg's probated will the same year. Other acts of disseizin of plaintiff were the later conveyances of the property in derogation of plaintiff's claim of right therein. The oral evidence of witnesses relating to statements made by Rosenberg's widow, not made in the presence of plaintiff, did not change or cure that disseizin. (See *Schoonover v. Tyner,* 72 Kan. 475, 479, 84 Pac. 124; *Cribb v. Hudson,* 99 Kan. 65, 160 Pac. 1019.) It seems clear that the plaintiff's action was barred by the statute of limitations. While laches is usually involved in questions affected by the statute of limitations, it may sufficiently bar a recovery on a period of time of less duration; but neither laches nor the effect of the statute of trusts and powers need to be considered; nor is it necessary to consider whether other provisions of the statute of limitations, of shorter duration than fifteen years, would control this case.

The judgment is affirmed.